IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

DAMONE N. EDDY, in his capacity
as the Administrator and
Personal Representative of the
Estate of STEPHANIE N. EDDY; and
ALLISON M. LIPPERT, and NATIONWIDE
AFFINITY INSURANCE COMPANY OF AMERICA
a/s/o Deborah and Francis Lippert,

        Plaintiffs,

NICHOLAS F. ALI,

        Cross-Claim Plaintiff,

v.                                Civil Action No. 20-C-50

STRIKE, LLC;
MICAH A. MCCLAIN;
ADDEY L. BENNETT;
and KEN BECK;[1]

        Defendants.

## **NOTICE OF REMOVAL TO BANKRUPTCY COURT**

1.      On or about February 22, 2020, Plaintiffs Damone N. Eddy ("Plaintiff Eddy"), in his capacity as the Administrator and Personal Representative of the Estate of Stephanie N. Eddy, and Allison M. Lippert ("Plaintiff Lippert"), filed the instant civil action in the Circuit Court of Monongalia County, West Virginia against bankruptcy debtor Strike, LLC ("Strike" or "Debtor"), and Micah A. McClain ("McClain"), Addey L. Bennett ("Bennett"), Ken Beck ("Beck"), Anderson Excavating, LLC ("Anderson") and Nicholas F. Ali ("Ali").[2]

---

[1] The current case caption utilized by the parties is noted above. Strike, LLC attaches the Second Amended Complaint in this matter, which reflects the case caption prior to the settlement of Plaintiffs' claims against former defendants Anderson Excavating, LLC and Nicholas Ali. See, *Exhibit A*. This pleading is still the applicable pleading for purposes of the pending claims in this civil action, with the exception that the claims by Plaintiffs (Eddy, Lippert) have been dismissed as to Anderson Excavating, LLC and Nicholas Ali.

[2] McClain, Bennett, Beck, Anderson and Ali were not debtors in the bankruptcy proceedings, discussed *infra.*

2      This lawsuit stems from a fatal vehicle crash that occurred in Monongalia County, West Virginia.   Specifically, a collision occurred on Route 7 involving a tractor/low-boy combination that was transporting a D6 Caterpillar Dozer and a dump truck transporting thousands of pounds of hot asphalt.   The tractor/low-boy combination was operated by Strike, LLC's employee, McClain.   The tractor/low-boy combination was traveling in the eastbound lane.   The dump truck was operated by Anderson employee, Ali.   The dump truck was traveling in the westbound lane.   Bennett was also employed by Strike.   She was operating a pilot car, driving some distance in front of the Strike tractor-lowboy combination at the time of the contact between the dozer blade being hauled by McClain and the dump truck operated by Ali.[3]

3.      At the time of the collision, Ali lost control of the Anderson dump truck, side swiped the automobile being operated by Lippert, which was traveling directly behind the Strike tractor-lowboy combination. The Anderson dump truck, operated by Ali, then overturned and landed on top of the automobile being driven by Stephanie N. Eddy.   The vehicle operated by Stephanie N. Eddy was traveling directly behind the vehicle operated by Lippert.

4.      As a result of the incident, Stephanie N. Eddy suffered injuries and passed away shortly after the accident.   Lippert has claimed personal injuries and mental anguish arising from the accident.

5.      Upon filing of the civil action, Ali, the driver of the dump truck that landed on the Eddy vehicle, filed a cross-claim for personal injuries against Strike, Bennett and McClain. Additionally, following the filing of this civil action, Nationwide Affinity Insurance Company of America ("Nationwide") intervened in this civil action asserting a right of subrogation for the

---

[3] Beck was a supervisor for Strike.  He was not present at the time of the collision between the Strike and Anderson vehicles.

damage to the automobile being operated by Lippert at the time of the incident leading to this civil action.

6.      Anderson and Ali have settled the claims asserted against them by Plaintiffs Eddy, Lippert and Intervenor-Plaintiff Nationwide. Ali continues to prosecute his cross-claim for damages against Strike, McClain and Bennett, and the cross-claim remains active at the time of this removal.  Nationwide's claim against bankruptcy-debtor Strike also remains active at the time of this removal.

7.      On or about December 6, 2021, Strike, LLC ("Debtor") under the following case numbers, filed Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Southern District of Texas ("S.D. Tex. Bankruptcy Court").[4]

      a.      Strike, LLC – Case No. 21-90054

      b.      Strike HoldCo., LLC – Case No. 21-90058

      c.      Delta Directional Drilling, LLC – Case No. 21-90057

      d.      Strike Global Holdings, LLC – Case No. 21-90059

      e.      Capstone Infrastructure Services, LLC – Case No. 21-90055

      f.      Crossfire, LLC – Case No. 21-90056

8.      Upon filing of its Bankruptcy Petition in the Bankruptcy Court for the Southern District of Texas, a Notice of Stay was filed in the Circuit Court of Monongalia County, West Virginia.  The stay has remained in effect since December 6, 2021, however, on Friday, March 4,

---

[4] In its Bankruptcy Petition, Strike noted the following names that it has utilized during the past eight years: Bolt, Bolt Instrumentation and Electrical; Capstone; Capstone Energy Services, LLC; Capstone, LLC; Capstone Infrastructure Services, LLC; Capstone Construction, LLC; Pickett Measurement Services, LLC; Picket Systems; Strike I&E; Strike Industrial; Strike Oilfield; Strike Testing; Strike, LLC;  Strike U.S.A.; Circle K of Arkansas, Inc.; RAS Americas, LLC; Bolt Companies; Bolt Companies, LLC; Bolt Site & Civil; Bolt Testing Services; Edge Hydrotesting; Edge Hydrotesting, LLC; Edge Testing; Edge Testing, LLC.  A copy of Strike, LLC's Bankruptcy Petition is attached hereto as *Exhibit B*.

2022, the Bankruptcy Court for the Federal District Court for the Southern District of Texas entered a stipulation permitting the stay to be lifted as to Plaintiffs Eddy, Lippert and Cross-Claim Plaintiff Ali.  The stipulation does not lift the stay as to Nationwide's claims against Strike and its employees.

9.       Title 11 of the United States Bankruptcy Code, also known as the United States Bankruptcy Code, is the source of bankruptcy law of the United States and governs bankruptcy proceedings.  Claims or proceedings that "arise under" Chapter 11 (have no existence outside of bankruptcy) or "arise in" Title 11 (invoke substantive rights created by bankruptcy law) are considered "core" proceedings.  See, *Sheetz v. Caliber Home Loans, Inc.*, 2016 WL 183559, at *2 (N.D. W. Va. 2016). Proceedings that are related to a case under Title 11 (have an effect on the bankruptcy estate) are non-core proceedings.  A sample list of core proceedings is provided in 28 U.S.C. § 157(b)(2) (the "Core Proceedings"). See, 28 U.S.C. § 157(b)(2) attached as *Exhibit C*. Debtor-Strike concedes that non-core proceedings, however, this Court may find the issues involve core proceedings.

10.     The Amended Standing Order of Reference, dated April 2, 2013 (Misc. No. 5:13-MC-12) of the United States District Court for the Northern District of West Virginia and all other applicable authority require any state or federal litigation pending in the Northern District of West Virginia which has become subject to core or non-core proceedings must be referred in its entirety to the United States Bankruptcy Court for the Northern District of West Virginia.  See *Amended Standing Order*, attached as *Exhibit D*.

11.     The claims of Plaintiffs Eddy, Lippert and Nationwide in this civil action against Debtor-Strike, LLC, as well as the claim of Cross-Claim Plaintiff Ali must be administered by a

Federal District Court, and related Bankruptcy Court, having jurisdiction of these matters and issues, pursuant to 28 U.S.C. § 157.

12.    Pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 1334, Federal Rule of Bankruptcy Procedure 9027 and the Order entered by the Federal District Court for the Northern District of West Virginia in, *In re Removal Actions from State Court*, dated July 28, 1988, and other applicable authority, any removed state court action shall be removed directly to the Bankruptcy Court for the Federal District Court for the Northern District of West Virginia.  See, Order in *In re Removal Actions from State Court*, dated July 28, 1988, attached hereto as *Exhibit E.*

13.    The time has not elapsed within which Strike is permitted to file this Notice of Removal.

14.    A certified copy of the docket sheet for the underlying civil action is included herewith as *Exhibit F*.  A copy of all process and pleadings will be produced to the Court.   The applicable version of the Complaint is attached hereto as *Exhibit A*.

15.    A copy of the complete file from the underlying civil action before the Circuit Court of Monongalia County, West Virginia, is being requested from the Circuit Clerk of Monongalia County, West Virginia, and will be produced by the Circuit Clerk's Office, pursuant to 28 U.S.C. § 1446(a).

16.    Counsel for Mr. McClain, Ms. Bennett and Mr. Beck have authorized the filing and consented to this removal, to the extent applicable.

17.    Because this matter involves claims involving personal injury and/or wrongful death, Debtor-Strike cannot consent to entry of a final order in this Bankruptcy Court involving all claims in this case as trial would be required to be held before a Federal District Court having jurisdiction or the Federal District Court where the claim arose, which is the Federal District Court

for the Northern District of West Virginia.  See, 28 U.S.C. § 157(b)(5). Consequently, any "final"

order following trial would be entered by the Federal District Court for the Northern District of

West Virginia.

18.    This case is now removed to the Bankruptcy Court for the Federal District Court

for the Northern District of West Virginia.

Respectfully submitted the 7th day of March, 2022.

**Defendant, STRIKE, LLC, By Counsel:**

Jeffrey D. Van Volkenburg (WV State Bar #10227)
Debra Tedeschi Varner (WV State Bar #6501)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 566-1161

EXHIBIT A

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

DAMONE N. EDDY, in his capacity
as the Administrator and
Personal Representative of the
Estate of STEPHANIE N. EDDY,
and ALLISON M. LIPPERT.

     PLAINTIFFS,

V.                                           CIVIL ACTION NO. 20-C-50
                                             JUDGE GAUJOT

STRIKE, LLC;
CAPSTONE ENERGY SERVICES, LLC;
ANDERSON EXCAVATING, LLC;
MICAH A. MCCLAIN;
ADDEY L. BENNETT;
KEN BECK; and
NICHOLAS F. ALI;
BERKLEY NATIONAL INSURANCE COMPANY; and
STARNET INSURANCE COMPANY.

     DEFENDANTS.

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, Damone N. Eddy, as the Administrator and Personal

Representative of the Estate of Stephanie N. Eddy, by counsel, Samuel D. Madia and Jonathan

Wesley Prince of Shaffer Madia Law, PLLC and also comes, Plaintiff Allison M. Lippert, by

counsel, Paul R. Cranston of Cranston & Edwards, PLLC, and hereby file this "Second Amended

Complaint" against Defendants Strike, LLC, Capstone Energy Services, LLC, Anderson

Excavating, LLC, Micah A. McClain, Addey L. Bennett, Ken Beck, Nicholas F. Ali, Berkley

National Insurance Company and StarNet Insurance Company, and allege as follows:

1

## PREFACE

1.     This is a wrongful death and personal injury case involving a horrific motor vehicle crash that occurred on September 5, 2019, on West Virginia State Route 7 (Mason Dixon Highway), in Monongalia County, West Virginia, less than 10 minutes from Clay-Battelle High School, as a direct and proximate result of the negligent, grossly negligent, reckless, willful and/or wanton misconduct of the Defendants herein.

2.     The misconduct of the Defendants included, but was not limited to, an out-of-state company's decision to place its own business interests over the safety of the innocent public and use Route 7 in an unreasonably dangerous manner to **illegally** transport a D6 Caterpillar Dozer (weighing approximately 39,000 pounds). Had this out-of-state company followed the law and not placed its business interests over the safety of the innocent public, the horrific crash described in this Complaint, which took the life of a 30-year-old wife and mother, and injured a 21-year-old college student who was returning from student teaching at Mason Dixon Elementary School, would not have occurred.

## THE PARTIES

### Strike/Capstone Defendants

3.     Defendant Strike, LLC ("Strike") is an out-of-state company headquartered in Texas, which, at times relevant to this Complaint, has done business in West Virginia.

4.     According to Strike's website, "*Strike Develops North America's Largest and Most Complicated Pipeline and Facility Projects.*"

5.     Strike is registered with the United States Department of Transportation via identification number 1111430, as an Interstate carrier of "machinery/large objects and oilfield equipment" among other items.

2

EXHIBIT A

6.     Defendant Capstone Energy Services, LLC ("Capstone") is an out-of-state company with its principal office located in Pennsylvania, which, at times relevant to this action, has done business in West Virginia.

7.     Capstone holds itself out to the public as being a "*Strike company*" which "*offers a wide range of pipeline and facility services within the United States.*"

8.     On information and belief, Strike and Capstone were, at all times relevant herein, engaged in a joint venture, joint enterprise and/or operating in such a collusive or other closely associated manner to be liable for each other's acts and omissions.

9.     On September 5, 2019, a tractor owned and operated by Strike and Capstone was transporting a D6 Caterpillar Dozer weighing approximately 39,000 pounds on a "Lowboy" (flatbed) trailer.

10.     The D6 Dozer, also owned by Strike/Capstone, was being transported East on Route 7 (Mason Dixon Highway), with its starting point being approximately 10-15 miles from its intended destination.

11.     Micah A. McClain ("McClain") was the Strike/Capstone employee operating the aforementioned Strike/Capstone tractor that was transporting the D6 Dozer on the Lowboy. Defendant McClain was a resident of Louisiana but working in West Virginia on September 5, 2019. Upon information and belief, McClain currently resides in Kansas.

12.     Addey L. Bennett ("Bennett") was the Strike/Capstone employee who was operating a Ford F250 in front of the Strike/Capstone tractor in a purported attempt to serve as an "Escort Vehicle." Bennett was a resident of Pennsylvania but working in West Virginia on September 5, 2019. Upon information and belief, Bennett currently resides in Pennsylvania.

3

EXHIBIT A

13.    Ken Beck ("Beck") was employed by Strike/Capstone on September 5, 2019, and served as Defendant McClain and Defendant Bennett's boss. Beck was the Superintendent of the subject pipeline project that was being performed on September 5, 2019. Beck's current residency and his residence on September 5, 2019, are currently unknown to Plaintiffs' counsel.

14.    Depicted below is the Strike/Capstone tractor, D6 Dozer and Lowboy at issue herein. [Photo taken on October 14, 2019].



**Anderson Defendants**

15.    Defendant Anderson Excavating, LLC ("Anderson") is a West Virginia company with its principal place of business located in Morgantown, Monongalia County, West Virginia.

16.    Anderson informs the public on its website: *"We offer a wide array of other services in addition to our unmatched excavating. We offer trucking, material hauling, equipment hauling, and offsite disposal, as well as environmental services including hydroseeding, erosion control, mitigation, mulching and seeding."*

17.    Anderson's *"material hauling"* operations are at issue in this case. Specifically, the hauling of 47,937 pounds of asphalt that was approximately 300 degrees Fahrenheit during the haul at issue.

4

EXHIBIT A

18.     Anderson is registered with the United States Department of Transportation via identification number 1426766 as an Interstate carrier of "machinery/large objects" among other items.

19.     On September 5, 2019, an Anderson dump truck weighing 29,000 pounds was transporting 47,937 pounds of 300 degree asphalt, West on Route 7 (Mason Dixon Highway).

20.     Nicholas F. Ali ("Ali") was the Anderson employee/agent operating the aforementioned dump truck that was transporting the 300-degree asphalt.

21.     On September 5, 2019, and other times relevant to this action, Ali was and is a resident of Monongalia County, West Virginia.

22.     Depicted below is the Anderson dump truck at issue herein. [Photo taken on October 14, 2019].



**Stephanie Eddy (and Damone N. Eddy (administrator and personal representative of Stephanie's estate))**

23.     On September 5, 2019, Stephanie N. Eddy ("Mrs. Eddy") was thirty years old and married to Damone N. Eddy (hereinafter "Mr. Eddy").

5

EXHIBIT A

24.     Mr. and Mrs. Eddy resided in Core, Monongalia County, West Virginia, and have two children: Avery Linae Rose Eddy (born August 22, 2017) and Dawson Nicholas-Eugene Eddy (born April 6, 2016).

25.     Mr. Eddy is the duly qualified administrator and personal representative of Mrs. Eddy's estate and is authorized to bring this action.

**Plaintiff Allison M. Lippert**

26.     On September 5, 2019, Allison M. Lippert ("Ms. Lippert") was a 21-year-old West Virginia University student completing a student-teaching project at Mason Dixon Elementary School in Monongalia County.

**Insurance Defendants**

27.     StarNet Insurance Company, including its parents, subsidiaries, affiliates, agents, servants, and/or employees is an out-of-state company with its principal office located at 11201 Douglas Avenue, Urbandale, Iowa, which, at times relevant to this action, has done business in West Virginia, including in Monongalia County, in concert with and in furtherance of the business activities of its parents, subsidiaries and affiliates ("StarNet"). On September 5, 2019, StarNet insured Strike and Capstone with a commercial lines automobile insurance policy.

28.     Berkley National Insurance Company, including its parents, subsidiaries, affiliates, agents, servants, and/or employees is an out-of-state company with its principal office also located at 11201 Douglas Avenue, Urbandale, Iowa, which, at times relevant to this action, has done business in West Virginia, including in Monongalia County, in concert with and in furtherance of the business activities of its parents, subsidiaries and affiliates ("Berkley"). On September 5, 2019, Berkley insured Strike and Capstone with a commercial umbrella liability insurance policy.

6

EXHIBIT A

## JURISDICITON AND VENUE

29.     This Court has subject matter jurisdiction over the claims made by the Plaintiffs herein under Article VIII, Section 6 of the West Virginia Constitution and W.Va. Code §51-2-2.

30.     This Court has personal jurisdiction over Defendants because, inter alia, at all times material herein, they transacted business in West Virginia, conducted business in West Virginia, and committed acts and/or omissions in West Virginia that caused tortious injury to the Plaintiffs and their loved ones in West Virginia.

31.     Venue is proper in the Circuit Court of Monongalia County in that Plaintiffs' causes of action arose in Monongalia County.

## GENERAL ALLEGATIONS

32.     On September 5, 2019, after completing her work obligations, Ms. Lippert began her trip home from Mason Dixon Elementary School, traveling East on Route 7 (Mason Dixon Highway) in a Hyundai Santa Fe.

33.     Ms. Lippert eventually began traveling directly behind the Strike/Capstone D6 Dozer on the Lowboy (flatbed) trailer.

34.     On September 5, 2019, Mrs. Eddy was traveling from her home to a nail salon in Morgantown, West Virginia.

35.     To do so, Mrs. Eddy accessed Route 7 (Mason Dixon Highway) and began traveling East towards Morgantown.

36.     Eventually, Mrs. Eddy began traveling directly behind Ms. Lippert's Hyundai Santa Fe.

37.     As the Strike/Capstone D6 Dozer on the Lowboy approached a left curve in the Eastbound lane, the D6 Dozer's blade intruded into the Westbound travel lane and struck the

7

oncoming Anderson dump truck's front driver's side tire, as the Anderson dump truck approached a right-hand curve in the Westbound lane.

38.     The photo below to the left depicts Strike/Capstone's direction of travel and the photo below to the right depicts Anderson's direction of travel.



39.     After the collision between Strike/Capstone's D6 Dozer's blade and the Anderson dump truck's front driver's side tire, the Anderson dump truck violently collided with the driver's side of Ms. Lippert's Santa Fe and then flipped over on top of Mrs. Eddy's GMC Acadia.

40.     The Anderson dump truck weighing approximately 76,937 pounds came to a rest on top of Mrs. Eddy's GMC Acadia, wherein hot asphalt poured onto Mrs. Eddy's body and the inside of her GMC Acadia.

41.     Some of the damage to Ms. Lippert's Santa Fe is depicted in the below photograph.



8

EXHIBIT A

42.     The final resting position of the Anderson dump truck on top of Mrs. Eddy's GMC

Acadia is depicted below.



43.     As a consequence of the foregoing, Mrs. Eddy was trapped/crushed/burned in her

Acadia by the smoldering asphalt. Despite best efforts to save Mrs. Eddy's life, she succumbed to

her injuries -- approximately thirty to forty minutes after the collision.

## FACTS

44.     According to Strike's website, "*Strike Develops North America's Largest and

Most Complicated Pipeline and Facility Projects.*"

45.     Beginning in or about January 2019, and leading up to the subject crash of

September 5, 2019, Defendants Strike and Capstone, were working on pipeline projects in

Monongalia County, West Virginia, for DTE Appalachian Gathering, LLC, performing one or

more of the "services" advertised on Strike's website.

9

46.    The services provided by Strike as advertised on its website include, but are not limited to: Pipeline Construction, Facility Construction, EPC, Operations & Maintenance of existing projects, Pipeline Integrity, Hydrostatic Testing, Directional Drilling, Fabrication, Instrumentation & Electrical, and Civil Construction.

47.    According to Strike's website, "*With so much on the line, you* [the customer] *must be certain your pipeline, facilities, and energy infrastructure provider has the **capacity** and experience to deliver a quality end result that meets all of your* [the customer] *project requirements*." [Emphasis added].

48.    Strike further advertises on its website that as an "energy infrastructure provider" its "CAPACITY" of Five Thousand Five Hundred (5,500) fleet units of construction and heavy equipment allow Strike to meet the needs of its customer base.

49.    In order to meet the specific needs of its customers, Strike utilizes several subsidiary companies to leverage resources. Specifically, Strike advertises on its website that its customers may work with "various companies" within Strike.

50.    Capstone is one of the "various" Strike Companies advertised within Strike's website. Strike informs the public: "*Capstone Energy Services offers a wide range of pipeline and facility construction services within the Northeastern region of the United States*."

51.    On or before September 5, 2019, Strike/Capstone decided to transport a D6 Caterpillar Dozer weighing over 39,000 pounds from its operations off of or near Jakes Run Road in Core, West Virginia, to its operations off of or near Pedlar Run Road, also in Core, West Virginia.

52.    The D6 Dozer was owned by Strike and/or Capstone and was utilized in their pipeline/oilfield operations.

10

EXHIBIT A

53.     To transport the D6 Dozer, Strike/Capstone chose to use a 2012 Peterbilt Tractor connected to a 2014 Fona Lowboy.

54.     Strike/Capstone loaded the D6 Dozer on top of the Lowboy pulled by the Peterbilt tractor operated by Strike/Capstone's employee/agent McClain.

55.     The Peterbilt tractor and Lowboy were registered to Strike yet "CAPSTONE – a Strike Company" was displayed on the sides of the tractor's door.

56.     In order to transport the D6 Dozer to its intended destination, the D6 Dozer had to travel approximately five (5) miles East on Route 7 (Mason Dixon Highway).

57.     The particular stretch of the Eastbound lane on Route 7 where the D6 Dozer had to travel was approximately 10 feet wide.

58.     The D6 Dozer's blade is approximately 13.5 feet wide (160 inches).

59.     The blade's width exceeded the 96-inch legal limit for vehicles or the load thereon to travel on Route 7 as set forth in WV Code §17C-17-2.

60.     Given the width of the D6 Dozer's blade, in order for it to be **legally** transported on Route 7, Strike/Capstone was required to obtain an "oversized load permit" from the West Virginia Department of Transportation, as required by WV Code §17C-17-11.

61.     Strike/Capstone and its management, including, but not limited to, Beck and/or Strike/Capstone's other employee/agents, failed to obtain the appropriate "oversized load permit" for transportation of the D6 Dozer.

62.     In order to transport the D6 Dozer with its blade on, Strike/Capstone was also required to ensure that **the blade was angled AWAY from oncoming traffic and the total width of the blade could not be more than 14 feet**.

63.     On and before September 5, 2019, Strike/Capstone's management, including, but not limited to, Beck and other Strike/Capstone employees/agents, knew or should have known, the aforementioned safety rules.

64.     Strike/Capstone's management, including, but not limited to, Beck and/or Strike/Capstone's other employee/agents, oversaw the loading and securement of the D6 Dozer to the Lowboy.

65.     Strike/Capstone employees/agents, at the direction of Strike/Capstone management, including but not limited to, Beck, loaded the D6 Dozer on the Lowboy such that the Dozer's blade was **angled TOWARDS oncoming traffic** as depicted in the below photographs.





EXHIBIT A

66.     Notwithstanding the foregoing, at approximately 12:00 p.m. on September 5, 2019, with the D6 Dozer attached to the Lowboy, McClain left the Strike/Capstone worksite off of Jakes Run Road, accessed Route 7 (Mason Dixon Highway), and proceeded East on Route 7 towards Strike/Capstone's operations off of or near Pedlar Run Road.

67.     Immediately before McClain, Bennett, in a Ford F250 truck, accessed Route 7 (Mason Dixon Highway) and proceeded East in a purported attempt to serve as an "Escort Vehicle."

68.     Accordingly, on September 5, 2019, Strike/Capstone, McClain, Bennett and Beck knowingly, recklessly, grossly negligently and unlawfully participated in the **illegal** transportation of the D6 Dozer on Route 7 Eastbound with the Dozer's blade **angled towards the oncoming** Westbound lane.

69.     September 5, 2019 was a school day in Monongalia County.

70.     On September 5, 2019, after completing her student teaching obligations at Mason Dixon Elementary School, Ms. Lippert began her journey back to Morgantown. In doing so, she traveled East on Route 7 (Mason Dixon Highway) in a Hyundai Santa Fe and eventually began traveling directly behind the Strike/Capstone D6 Dozer on the Lowboy trailer.

71.     On September 5, 2019, Mr. and Mrs. Eddy resided at 4305 Mason Dixon Highway, which is situated several hundred yards from Route 7.

72.     The Eddys were leaving the next day for a family vacation in North Carolina. Before leaving for vacation, Mrs. Eddy scheduled a pedicure/manicure at a salon in Morgantown.

73.     On her way to the salon, Mrs. Eddy dropped off her two children, Dawson and Avery, at her mother-in-law's house – which is located a few hundred yards from Mr. and Mrs. Eddy's home, and even closer to Route 7.

13

EXHIBIT A

74.     After "small talk" with her mother-in-law and sister-in-law, Mrs. Eddy entered Route 7 (Mason Dixon Highway) and proceeded East towards Morgantown.

75.     After accessing Route 7, Mrs. Eddy began traveling directly behind Ms. Lippert's Hyundai Santa Fe.

76.     On September 5, 2019, Anderson was in the process of performing certain work pursuant to a contract it had with the State of West Virginia for pothole repair and asphalt pavement repair.

77.     Pursuant to this contract, Anderson was transporting hot asphalt from Greer Asphalt Company to various dumping locations on and off Route 7 (Mason Dixon Highway).

78.     On September 5, 2019, at approximately 11:15 a.m., Ali arrived at Greer Asphalt Company in the subject Anderson dump truck to retrieve his second load of hot asphalt for the day. After receiving 47,937 pounds of hot asphalt on his second load, Ali accessed Route 7 West and proceeded towards his intended destination.

79.     Shortly after 12:10 p.m., while traveling West on Route 7, Ali observed Bennett's Ford F250 truck and made verbal "CB" contact with Bennett.

80.     In a statement provided to the Monongalia County Sheriff's Department, Defendant Ali indicated that Defendant Bennett's Ford F250 was less than one car length in front of the Strike/Capstone tractor/D6 Dozer/Lowboy combination.

81.     Thereafter, Defendant Ali observed the Strike/Capstone tractor/D6 Dozer/Lowboy combination.

82.     In a statement provided to the Monongalia Sheriff's Department, Bennett stated that she communicated with McClain that an "18" was approaching.

14

83.    Traveling the opposite direction from Anderson/Ali's loaded dump truck carrying 47,937 pounds of 300-degree asphalt was the **illegal** Strike/Capstone tractor/D6 Dozer/Lowboy combination.

84.    As the Strike/Capstone tractor/D6 Dozer/Lowboy combination approached a left curve in the Eastbound lane, the D6 Dozer's blade (**angled towards oncoming traffic**) intruded into the Westbound lane and struck the oncoming Anderson dump truck's front driver's side tire (as the Anderson dump truck approached a right hand curve in the Westbound lane).

85.    McClain, among other things, did not attempt to stop the Strike/Capstone tractor prior to this collision between Strike/Capstone's D6 Dozer blade and the front driver's side tire of the Anderson dump truck.

86.    Ali, among other things, was not driving at a safe speed under the circumstance prior to this collision between Strike/Capstone's D6 Dozer blade and the front driver's side tire of the Anderson dump truck.

87.    Ali, among other things, was carrying on a text message conversation and was distracted as he approached the relevant roadway while driving the Anderson dump truck.

88.    Consequently, after this collision between Strike/Capstone's D6 Dozer blade and the front driver's side tire of the Anderson dump truck, Ali lost control of the Anderson dump truck (weighing approximately 76,937 pounds -- 47,937 of which was hot asphalt) and proceeded to crash into the driver's side of Ms. Lippert's Santa Fe in the Eastbound lane and flip over on top of Mrs. Eddy's GMC Arcadia.

89.    The Anderson dump truck came to rest on Mrs. Eddy's GMC Acadia wherein hot asphalt poured onto Mrs. Eddy's body and the inside of her vehicle as depicted in the next photograph.

15

EXHIBIT A



90.    Some of the "damage" to Mrs. Eddy's vehicle is depicted in the below photograph.



91.    The above-described collisions/crashes (the "crash") occurred approximately 1.3 miles from Mr. and Mrs. Eddy's home and moments after Mrs. Eddy left her children at her mother-in-law's home.

92.    In a statement provided to the Monongalia County Sheriff's Department, McClain acknowledged that, prior to leaving the scene (see the following paragraph) of the crash:

a.    He was aware of the collision between the "D6" Dozer's blade and Anderson's tire;

16

EXHIBIT A

    b.  He was aware that Ali lost control of the Anderson dump truck; and

    c.  He communicated "someone just clipped me and wrecked" over his CB.

    93.    Notwithstanding the above, **McClain did not stop at the scene of the crash**.

Rather, McClain proceeded to Strike/Capstone's location off of or near Pedlar Run Road.

    94.    The entry point to Pedlar Run Road is approximately 3.5 miles from the point on

Route 7 where the crash occurred.

    95.    McClain did not call 911.

    96.    McClain did not attempt to render assistance to Ms. Lippert.

    97.    McClain did not attempt to render assistance to Mrs. Eddy.

    98.    Notwithstanding the above, **Bennett did not stop at the scene of the crash**.

    99.    Rather, Bennett also proceeded to Strike/Capstone's location off of or near Pedlar

Run Road.

    100.    Bennett did not call 911.

    101.    Bennett did not attempt to render assistance to Ms. Lippert.

    102.    Bennett did not attempt to render assistance to Mrs. Eddy.

    103.    Bennett and McClain's actions resulted in law enforcement placing a "BOLO"[1] for

a large flatbed truck hauling a bulldozer.

    104.    Strike/Capstone did not call 911, attempt to render assistance to Ms. Lippert, or

attempt to render assistance to Mrs. Eddy.

    105.    The initial collision between the D6 Dozer's blade and the dump truck's tire

resulted in a loud blowout sound.

---

[1] "BOLO" is short for: "BE ON THE LOOKOUT."

106.   Likewise, the dump truck flipping over on top of Mrs. Eddy's GMC Acadia also produced a loud "boom" sound.

107.   These loud sounds were heard at two businesses located approximately 300 yards and 600 yards from the scene of the crash.

108.   The owners of these businesses immediately rushed to the scene of the crash, where both communicated with Mrs. Eddy, who was in horrific discomfort and distress.

109.   Seeing child seats and toys, both business owners were able to confirm with Mrs. Eddy that her children were not in the car and that she was traveling alone.

110.   One of the business owners placed the 911 call regarding the crash at 12:16. p.m.

111.   When the 911 call was taking place, the other business owner learned of Mrs. Eddy's identity by locating her driver's license. This business owner knew the Eddy family and immediately went back to his business for his cell phone in order to inform Mr. Eddy's brother of the collision.

112.   As such, within minutes various members of Mrs. Eddy's family were notified of this crash and made their way to the scene.

113.   Law enforcement, first responders and various fire departments soon responded and made diligent attempts to remove Mrs. Eddy from her GMC Acadia.

114.   These law enforcement officers, first responders and various volunteer firemen were also subject to the heat from the hot asphalt. The hot asphalt impacted rescue attempts.

115.   Some of these law enforcement officers and first responders were also able to communicate with Mrs. Eddy, wherein Mrs. Eddy expressed horrific discomfort and distress.

EXHIBIT A

116.    Members of the Cassville Fire Department attempted to utilize an air bag system to remove/lift the Anderson dump truck from Mrs. Eddy's Acadia, but due to the great weight of the Anderson dump truck coupled with the hot asphalt, their attempt was not successful.

117.    Despite the valiant effort of these responders, and others who came to the scene to do whatever they could to help, removing Mrs. Eddy from her GMC Acadia was not possible.

118.    Approximately one hour after the 911 call was placed, Bennett and McClain returned to the general location of the crash.

119.    By the time Bennett and McClain returned to the general location of the crash, Mrs. Eddy had perished.

120.    Despite having a significant amount of manpower and equipment (i.e. "CAPACITY") in close proximity to Mrs. Eddy, who was entrapped in her GMC Acadia, buried in hot asphalt, Strike/Capstone and their employees and agents made no attempt to help Mrs. Eddy.

121.    Following the horrific crash herein described and after having notice thereof, Strike/Capstone and their employees and agents failed to:

        a.  Inquire if Ms. Lippert or Mrs. Eddy required medical assistance;

        b.  Call 911 or any emergency personnel;

        c.  Contact law enforcement;

        d.  Assist with removing Mrs. Eddy from her GMC Acadia;

        e.  Assist with the removal of the Anderson dump truck from Mrs. Eddy's GMC Acadia; and

        f.  Utilize fire extinguishers to cool down the hot asphalt.

122.    While this horrific crash remains under criminal investigation, it has already been determined that Strike/Capstone and its driver, McClain:

 a. Failed to yield the right of way;

 b. Operated the Strike/Capstone tractor/D6 Dozer/Lowboy combination in an erratic, reckless or careless manner;

 c. Committed an improper lane violation (left of center);

 d. Committed "size, weight, and/or load" violations of law;

 e. Committed other moving violations; and

 f. Left the scene.

123. Some or all of the Defendants' acts and omissions which proximately caused or contributed to the occurrence of the crash and the resulting harm and damages to the Plaintiffs were grossly negligent, reckless, willful and/or wanton and/or carried out with actual malice or with a conscious, reckless and outrageous indifference to health, safety and welfare of the innocent public, including, but not limited to Stephanie Eddy and Allison Lippert, and, as such, were sufficiently egregious to justify the imposition of punitive or exemplary damages that will satisfactorily punish the Defendants for their misconduct and deter the Defendants and others from following a like course.

124. At times relevant to this action, including on and before September 5, 2019, Defendants Strike and Capstone conducted their businesses in such a manner as to place profits over safety and otherwise created and/or allowed a culture to exist within their workplace that resulted in their employees and agents conducting themselves in a dangerous and unsafe manner. The safety culture at Strike/Capstone was reckless. For example, less than two months prior to the September 5, 2019 fatal crash, Strike was involved in a crash while traveling illegally on a West Virginia road. More specifically, on July 9, 2019, while Strike was conducting pipeline operations in Moundsville, West Virginia, Strike's employee, Paul Cox, was operating a tractor and lowboy

EXHIBIT A

combination and went left of center and struck a GMC Denali with four occupants that were traveling in the opposite direction. The tractor and lowboy combination involved in the July 9, 2019 crash, **did not** have an oversized load permit and was traveling illegally when the head on collision occurred. Further, as a consequence of Strike/Capstone's grossly negligent and reckless "unsafe" culture, Strike/Capstone is believed to have been involved in a number of other crashes, both before and after the subject crash, and is also believed to have a history of violating road safety laws, rules and standards, which unsafe culture and disregard for the health, safety and welfare of the innocent public was a proximate cause of the subject crash.

125.    Consequently, Strike/Capstone's grossly negligent and reckless behavior continued on and before September 5, 2019, when they, with conscious or reckless disregard of the consequences of their actions and the health and safety of the innocent public, made the decision to transport the D6 Dozer in an illegal manner and without obtaining the necessary "oversized load" permit from the West Virginia Department of Transportation.

126.    This dangerous decision was a result of the unsafe safety culture that the Defendants had created and/or allowed to exist.

127.    On or before September 5, 2019, Defendants Strike and Capstone, with conscious or reckless disregard of the consequences of their actions and the health and safety of the innocent public, made the decision to keep the D6 Dozer's blade intact instead of removing it prior to transport.

128.    This dangerous decision was a result of the unsafe safety culture that the Defendants had created and/or allowed to exist.

129.    On or before September 5, 2019, Defendants Strike and Capstone, with conscious or reckless disregard of the consequences of their actions and the health and safety of the innocent

21

public, made the decision to violate West Virginia Rules and Regulations and angle the D6 Dozer's blade **towards oncoming traffic**.

130.   This dangerous decision was a result of the unsafe safety culture that the Defendants had created and/or allowed to exist.

131.   Defendants Strike and Capstone's **illegal** transportation of the D6 Dozer weighing approximately 39,000 pounds on Route 7 in Monongalia County, as described above and as will be further developed in discovery, was a direct and proximate cause of the horrific vehicular crash that took the life of Stephanie N. Eddy and caused Allison M. Lippert to suffer physical and psychological injuries, and other personal injury damages.

132.   As a further direct and proximate result of the manner in which Defendants Strike and Capstone conducted their business, rather than stopping at the scene of the crash (as required by law), Defendants Bennett and McClain proceeded to travel to the Strike/Capstone destination and made contact with Strike/Capstone's "safety" department while en route.

133.   Despite causing the crash and knowing that they were legally obligated to remain at the scene, Defendants Strike and Capstone:

> a. Left the scene in violation of West Virginia Code § 17C-4-3, known as "Erin's Law;"
>
> b. Failed to inquire if Ms. Lippert or Mrs. Eddy required medical assistance;
>
> c. Failed to call 911 or any emergency personnel;
>
> d. Failed to contact law enforcement;
>
> e. Failed to assist with removing Mrs. Eddy from her GMC Acadia;
>
> f. Failed to assist with the removal of the Anderson dump truck from Mrs. Eddy's GMC Acadia;  and

EXHIBIT A

      g.  Failed to otherwise try to help Mrs. Eddy (or anyone else) at the scene of the

          crash that these Defendants knew they had caused.

     134.    Consistent with their company policy, Defendants Strike and Capstone and their

agents and employees, began the process of "*not accepting responsibility for the accident*" and

have continued to carry out that policy since the time of the crash, thereby forcing the Plaintiffs to

suffer further unnecessary harm and damages, including, but not limited to, having to file this

lawsuit to obtain compensation they are legally entitled to recover by law.

     135.    Despite an eyewitness account confirming that Strike/Capstone's tractor that was

transporting the D6 Dozer on the Lowboy went left of center, Strike/Capstone continues to deny

fault for the subject incident.

     136.    Despite physical evidence confirming that Strike/Capstone's tractor that was

transporting the D6 Dozer on the Lowboy went left of center and struck the Anderson dump truck

in the Westbound lane, Strike/Capstone continues to deny fault for the subject incident.

     137.    The acts, omissions and conduct of Defendants Strike, Capstone, Bennett, Beck and

McClain in this case were willful, wanton and malicious and/or reckless and/or done with

conscious disregard and/or criminal indifference to the civil rights of others, specifically including

Mrs. Eddy and Ms. Lippert, and warrant punitive damages.

     138.    Further, as Defendant Ali approached the location where the D6 Dozer's blade

struck his dump truck (a commercial motor vehicle), Defendant Ali was carrying on a text message

conversation and engaging in distracted driving.

     139.    Defendant Ali's conduct in participating in a text message conversation and/or

otherwise being inattentive while operating a commercial vehicle that was transporting 47,937

EXHIBIT A

pounds of 300-degree asphalt caused him to be distracted and impacted his ability to keep a proper lookout for oncoming traffic and other encounters that vehicle operators face while driving.

140.    Defendant Ali's conduct in participating in a text message conversation and/or otherwise being inattentive while operating a commercial vehicle that was transporting 47,937 pounds of 300-degree asphalt is reckless behavior and warrants punitive damages.

141.    The misconduct conduct of the Defendants, both independently and concurrently, as summarized in this Complaint, and as will be further developed discovery, constitutes a conscious, reckless and outrageous disregard for the health, safety and welfare of others, and otherwise justifies the imposition of punitive damages under West Virginia law.

142.    The imposition of punitive damages is necessary in this case to punish the Defendants for their misconduct and to deter the Defendants and others from following a like course.

## COUNT 1 – NEGLIGENCE, GROSS NEGLIGENCE & RECKLESSNESS

### Strike/Capstone

143.    At all relevant times, Defendants Strike and Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to operate their business(s) in a safe and prudent manner, including, but not limited to, the duty to ensure compliance with all applicable driving safety rules such as West Virginia Traffic laws and Rules of the Road, the Federal Motor Carrier Safety Regulations ("FMCSR"), and the rules applicable to the transportation of "oversized" equipment such as the D6 Dozer.

144.    At all relevant times, Defendants Strike and Capstone also owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all applicable loading and securement rules, regulations and best practices that applied to the transportation of the D6 Dozer.

24

**EXHIBIT A**

145. At and prior to the time of the crash, Defendants Strike and Capstone also had a duty to promulgate, enforce, and ensure proper safety rules, regulations, policies, and procedures were in place for hiring and retaining safe, qualified drivers to protect the motoring public.

146. On and before September 5, 2019, Defendants Strike and Capstone negligently, grossly negligently, recklessly and/or otherwise wrongfully breached their legal duties by, among other things:

        a. Allowing a tractor to **illegally** transport the D6 Dozer on public roads in West Virginia;

        b. Violating WV Code §17C-17-2;

        c. Violating WV Code §17C-17-11;

        d. Allowing the transportation of an illegal oversized load in such a manner that the D6 Dozer's blade was **angled towards** oncoming traffic;

        e. Failing to comply with West Virginia Code § 17C-4-3 and having the human decency to render aid to Mrs. Eddy or Ms. Lippert;

        f. Failing to properly train their agents and employees;

        g. Failing to properly supervise their agents and employees;

        h. Failing to properly monitor and supervise their drivers, equipment loaders and pilot car operators;

        i. Failing to exercise the degree of care which a reasonable and prudent company operating large trucks/tractor-trailers that haul oversized equipment would have exercised under the same or similar circumstances;

        j. Failing to enact rules and policies regarding the hiring, training and supervision of drivers, equipment loaders, and pilot car operators; and

EXHIBIT A

    k.    Failing to:

        1) Inquire if Ms. Lippert or Mrs. Eddy required medical assistance;

        2) Call 911 or any emergency personnel;

        3) Contact law enforcement;

        4) Assist with the removal of the Anderson dump truck from Mrs. Eddy's GMC Acadia;

        5) Assist Mrs. Lippert; and

        6) Assist Mrs. Eddy.

147.    As a direct and proximate result of the misconduct of Defendants Strike and Capstone, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

148.    As a direct and proximate result of the misconduct of Defendants Strike and Capstone, as described herein, Ms. Lippert suffered physical and psychological injuries, and other personal injury damages.

<u>**COUNT 2 – VIOLATION OF ERIN'S LAW**</u>

**Defendants Strike/Capstone, Bennett and McClain**

149.    West Virginia Code § 17C-4-3, known as "Erin's Law," requires the driver of any vehicle involved in a crash resulting in the injury or death of any person to immediately stop the vehicle at the scene of the crash or as close to the scene as possible and return to and remain at the scene of the crash until certain requirements are met.

150.    Bennett was the driver of the purported "Escort Vehicle" that was involved in the horrific crash that has been described herein.

26

151.    McClain was the driver of the Strike/Capstone tractor which was transporting the D6 Dozer on the Lowboy that was involved in the horrific crash that has been described herein.

152.    McClain and Bennett communicated with each other using "CBs" during their transportation of the subject D6 dozer.

153.    After Strike/Capstone's D6 Dozer's blade struck the Anderson dump truck's front driver's side tire, McClain immediately called over the "CB" – "someone just clipped me and wrecked."

154.    After the collision between Strike/Capstone's D6 Dozer's blade and the Anderson dump truck's front driver's side tire, **Bennett, who was acting in her capacity as an employee or other agent of Strike/Capstone, did not stop at the scene of the crash**.    Rather, Bennett proceeded to the Strike/Capstone destination approximately 3.5 miles away off of or near Pedlar Run Road.

155.    After the collision between Strike/Capstone's D6 Dozer's blade and the Anderson dump truck's front driver's side tire, **McClain, who was acting in his capacity as an employee or other agent of Strike/Capstone, did not stop at the scene of the crash**.    Rather, McClain proceeded to the Strike/Capstone destination approximately 3.5 miles away off of or near Pedlar Run Road.

156.    Defendants Strike/Capstone, Bennett and McClain's actions resulted in law enforcement placing a "BOLO" for a large flatbed truck hauling a bulldozer.

157.    Defendants Strike/Capstone, McClain and Bennett did not return to the general location of the scene of the crash until over an hour after the initial 911 call was made.

158.    Defendants Strike/Capstone, McClain and Bennett's failure to comply with West Virginia Code § 17C-4-3 constitute a misdemeanor as it relates to Ms. Lippert's injuries.

27

159.     Defendants Strike/Capstone, McClain and Bennett's failure to comply with West Virginia Code § 17C-4-3 constitute a felony as it relates to Mrs. Eddy's horrific death.

160.     Defendants Strike/Capstone, McClain and Bennett's failure to comply with West Virginia Code § 17C-4-3 constitutes *prima facie* negligence.

## COUNT 3 – NEGLIGENCE, GROSS NEGLIGENCE & RECKLESSNESS

### Defendant McClain

161.     At all relevant times, McClain (along with Defendants Strike/Capstone) owed Ms. Lippert, Mrs. Eddy and the public at large a duty to use reasonable care in operating and controlling Strike/Capstone's tractor that was transporting the D6 Dozer on the Lowboy. These duties, included, but are not limited to:

   a.   The duty to safely operate the subject tractor and its cargo;

   b.   The duty to maintain control of the subject tractor and its cargo;

   c.   The duty to keep a proper lookout;

   d.   The duty not to operate the subject tractor in a negligent, grossly negligent and/or reckless manner;

   e.   The duty to operate the subject tractor at a safe speed;

   f.   The duty to keep in his proper lane; and

   g.   The duty to stop the tractor at the scene of the crash upon impact.

162.     At all relevant times, McClain and Strike/Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all applicable driving safety rules, including, but not limited to, West Virginia Traffic laws and Rules of the Road, the Federal Motor Carrier Safety Regulations, and rules applicable to the transportation of "oversized" equipment such as the D6 Dozer.

28

EXHIBIT A

163.  At all relevant times, McClain and Strike/Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all applicable loading and securement rules, regulations and best practices that applied to the transportation of the D6 Dozer.

164.  On September 5, 2019, McClain and Strike/Capstone negligently, grossly negligently and recklessly breached his/their duty by, among other things:

>  a. Operating the subject tractor that was **illegally** transporting the D6 Dozer weighing approximately 39,000 pounds;
>
>  b. Violating §17C-17-2;
>
>  c. Violating WV Code §17C-17-11;
>
>  d. Transporting the illegal oversized load with the D6 Dozer's blade **angled towards** oncoming traffic;
>
>  e. Operating the illegal oversized load in a dangerous and unsafe manner;
>
>  f. Failing to maintain control of the subject tractor;
>
>  g. Failing to keep a proper lookout for approaching traffic;
>
>  h. Operating the illegal oversized load in a reckless matter;
>
>  i. Operating the illegal oversized load at an unreasonable speed;
>
>  j. Failing to keep the subject tractor and its illegal oversized load in the proper lane;
>
>  k. Causing a collision in the oncoming/approaching lane; and
>
>  l. Failing to comply with West Virginia Code § 17C-4-3 and having the human decency to render aid to Mrs. Eddy or Ms. Lippert.

165.    As a direct and proximate result of the misconduct of McClain and Strike/Capstone, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

166.    As a direct and proximate result of the misconduct of McClain and Defendants Strike/Capstone, as described herein, Ms. Lippert suffered physical and psychological injuries, and other personal injury damages.

## COUNT 4 – NEGLIGENCE, GROSS NEGLIGENCE & RECKLESSNESS

### Defendant Bennett

167.    At all relevant times, Bennett and Strike/Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to use reasonable care in serving as an "Escort Vehicle" for the Strike/Capstone tractor, which was transporting the D6 Dozer on the Lowboy. These duties, included, but are not limited to:

> a.  Ensuring that the transported load complied with WV Code §17C-17-2;
>
> b.  Ensuring that the transported load complied with WV Code §17C-17-11;
>
> c.  Ensuring that the D6 Dozer's blade was safely loaded/secured;
>
> d.  Ensuring that she operated the "Escort Vehicle" in compliance with West Virginia Department of Transportation's guidelines;
>
> e.  Ensuring that she was an adequate distance in front of the illegal oversized load;
>
> f.  The duty to keep a proper look out;
>
> g.  The duty to maintain a safe speed given the totality of the circumstances and conditions of the transportation route; and
>
> h.  The duty to stop the Strike/Capstone "Escort Vehicle" at the scene of the crash upon impact.

EXHIBIT A

168.    On September 5, 2019, Bennett and Strike/Capstone negligently, grossly negligently and/or recklessly breached her/their duty by, but not limited to:

      a.  Allowing the illegal oversized load to violate WV Code §17C-17-2;

      b.  Allowing the illegal oversized load to violate WV Code §17C-17-11;

      c.  Allowing the D6 Dozer's blade to be **angled towards** oncoming traffic;

      d.  Violating West Virginia Department of Transportation's rules for "Escort Vehicles;"

      e.  Failing to travel an adequate and safe distance in front of the illegal oversized load;

      f.  Failing to keep a proper lookout for oncoming traffic;

      g.  Failing to operate her "Escort Vehicle" at a safe speed given the totality of the circumstances and conditions of the transportation route; and

      h.  Violating West Virginia Code § 17C-4-3.

169.    As a direct and proximate result of the conduct of Bennett and Strike/Capstone, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

170.    As a direct and proximate result of the conduct of Bennett and Defendants Strike/Capstone, as described herein, Ms. Lippert suffered physical and psychological injuries and other personal injury damages.

## COUNT 5 – NEGLIGENCE, GROSS NEGLIGENCE & RECKLESSNESS

### Defendant Beck

171.    At all relevant times, Beck worked in a management position for Strike/Capstone.

172.    Specifically, at and prior to the time of the crash, Beck worked in a management position for Strike/Capstone and was the Superintendent of the subject pipeline project that was being performed on September 5, 2019.

173.    At and prior to the time of the crash, Defendant Beck supervised Defendant Bennett.

174.    At and prior to the time of the crash, Defendant Beck supervised Defendant McClain.

175.    At and prior to the time of the crash, Defendant Beck was responsible for transportation of the D6 Dozer off of or near Jakes Run Road in Core, West Virginia, to Strike/Capstone's operations off of or near Pedlar Run Road, also in Core.

176.    At all relevant times it was foreseeable that if the D6 Dozer was not transported with the utmost caution and adherence to safety rules, laws and regulations, the D6 Dozer's blade could strike oncoming traffic.

177.    At all relevant times, it was foreseeable that if an oncoming vehicle was struck by the D6 Dozer's blade, serious injury, harm and/or death would result therefrom.

178.    At and prior to the time of the crash, Beck and/or other management personnel of Strike and Capstone made the decision to **illegally** transport the D6 Dozer on Route 7.

179.    In doing so, Beck and/or other Strike/Capstone agents placed countless West Virginians' (and other innocent people's) lives in jeopardy.

180.    At all relevant times, Beck and Strike/Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all rules applicable to the transportation of "oversized" equipment such as the D6 Dozer.

32

181.    At all relevant times, Beck and Strike/Capstone owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all applicable loading and securement rules that applied to the transportation of the D6 Dozer.

182.    At and prior to the time of the crash, Beck and Strike/Capstone negligently, grossly negligently and/or recklessly breached his/their duty by, among other things:

> a. Allowing McClain to **illegally** transport the D6 Dozer weighing approximately 39,000 pounds;
>
> b. Violating WV Code §17C-17-2;
>
> c. Violating WV Code §17C-17-11; and
>
> d. Overseeing and/or directing the loading and securement of the D6 Dozer's blade in such a manner that the D6 Dozer's blade was angled **towards** oncoming traffic.

183.    As a direct and proximate result of the misconduct of Beck and Defendants Strike/Capstone, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

184.    As a direct and proximate result of the misconduct of Beck and Defendants Strike/Capstone, as described herein, Ms. Lippert suffered physical and psychological injuries, and other personal injury damages.

## COUNT 6 – NEGLIGENCE, GROSS NEGLIGENCE & RECKLESSNESS

### Defendant Ali

185.    At all relevant times, Ali and Anderson owed Ms. Lippert, Mrs. Eddy and the public at large a duty to use reasonable care in operating and controlling the Anderson dump truck that was transporting 47,937 pounds of 300-degree asphalt.

186.     At all relevant times, Ali and Anderson owed Ms. Lippert, Mrs. Eddy and the public at large a duty to comply with all applicable driving safety rules, including, but not limited to, the West Virginia Traffic laws, rules of the road and the Federal Motor Carrier Safety Regulations.

187.     At and prior to the time of the crash, Ali and Anderson negligently, grossly negligently and/or recklessly breached his/their duty by, among other things:

> a.  Carrying on a text message conversation and/or otherwise being inattentive and engaging in distracted driving as he approached the relevant roadway;
>
> b.  Failing to keep a proper lookout for approaching traffic;
>
> c.  Failing to exercise appropriate care and caution when driving on a narrow stretch of road while approaching a Lowboy transporting a D6 Dozer;
>
> d.  Operating a dump truck transporting 47,937 pounds of 300 degree asphalt at an unreasonable speed for the conditions;
>
> e.  Failing to maintain control of his dump truck;
>
> f.  Failing to reduce his speed to avoid a collision;
>
> g.  Failing to control his dump truck to avoid a collision; and
>
> h.  Operating a dump truck transporting 47,937 pounds of 300-degree asphalt in a negligent, grossly negligent and/or reckless matter.

188.     As a direct and proximate result of the misconduct of Ali and Anderson, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

189.     As a direct and proximate result of the misconduct of Ali and Anderson, as described herein, Ms. Lippert suffered physical and psychological injuries, and other personal injury damages.

## COUNT 7– VIOLATION OF WEST VIRGINIA AND FEDERAL LAW

### Defendants Anderson and Ali

190.    West Virginia Code § 17E-1-14A prohibits texting while driving a commercial motor vehicle.

191.    49 CFR § 392.82 prohibits texting while driving a commercial motor vehicle.

192.    As Defendant Ali approached the location where the D6 Dozer's blade struck his dump truck (a commercial motor vehicle), Defendant Ali was carrying on a text message conversation and/or otherwise engaging in distracted driving.

193.    Defendant Ali's conduct in participating in a text message conversation while operating a commercial vehicle that was transporting 47,937 pounds of 300-degree asphalt caused him to be distracted and impacted his ability to keep a proper lookout for oncoming traffic and other encounters that vehicle operators face while driving.

194.    Defendant Ali's conduct in participating in a text message conversation while operating a commercial vehicle that was transporting 47,937 pounds of 300-degree asphalt is reckless behavior.

195.    Defendant Ali's failure to comply with West Virginia Code § 17E-1-14A and 49 CFR § 392.82 constitutes *prima facie* negligence.

196.    As a direct and proximate result of the conduct of Defendant Ali, as described herein, Mrs. Eddy lost her life after experiencing significant conscious pain, suffering, and mental anguish.

197.    As a direct and proximate result of the conduct of Defendant Ali, as described herein, Ms. Lippert suffered physical and psychological injuries and other personal injury damages.

## COUNT 8 – RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

### Strike / Capstone

198.     The above-described acts and omissions of Defendants Bennett, Beck and McClain were committed within the course and scope of their agency, apparent agency, employment and/or servitude relationship with Defendants Strike and Capstone so as to impose liability on Defendants Strike and Capstone.

199.     Defendants Strike and Capstone are vicariously liable to Ms. Lippert and to Mrs. Eddy's Estate (wrongful death beneficiaries) for the above-described acts and omissions of Defendants Bennett, Beck and McClain.

200.     Other employees and agents of Defendants Strike and Capstone, including, but not limited to, certain management personnel, whose identities are currently unknown to Plaintiffs, are also likely to have committed negligent, grossly negligent, reckless and/or other wrongful acts or omissions within the course and scope of their agency, apparent agency, employment and/or servitude relationship with Defendants Strike and Capstone which contributed to the occurrence of the crash.

201.     Strike and Capstone are also directly and vicariously liable for the acts and omissions of these yet to be identified employees/agents.

## COUNT 9 – RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

### Anderson Excavating

202.     The above-described acts and omissions of Defendant Ali were committed within the course and scope of his agency, apparent agency, employment and/or servitude relationship with Defendant Anderson.

36

203.     Defendant Anderson is vicariously liable to Ms. Lippert and to Mrs. Eddy's Estate for the above described acts and omissions of Defendant Ali (as well as any and all acts and omissions of any of its other employees and agents that caused or contributed to the crash).

## COUNT 10 – JOINT VENTURE, JOINT ENTERPRISE, PARTNERSHIP

### Strike / Capstone

204.     Strike utilizes several subsidiary companies to leverage resources. Specifically, Strike advertises on its website that its customers may work with "various companies" within Strike.

205.     Capstone is one of the "various" Strike Companies advertised within Strike's website.

206.     The tractor at issue was registered to and owned by Strike, but had the "CAPSTONE" emblem on both its doors.

207.     Defendants Strike and Capstone were acting in concert and as agents of each other in conducting business and were engaged in a joint venture, joint enterprise, partnership and/or other business relationship for the purposes of making a profit, for which they combined property, money, effects, skill, and knowledge, or some combination thereof, so as to make each Defendant liable for the acts and omissions of the other in carrying out such business relationship, including, but not limited to, the acts and omissions described in this Complaint.

208.     As parties to this joint venture, joint enterprise, partnership, and/or business relationship, these Defendants are jointly and severally liable to Ms. Lippert and Mrs. Eddy's Estate.

EXHIBIT A

## COUNT 11 – DECLARATORY ACTION

### StarNet Insurance Company and Berkley National Insurance Company

209.    This declaratory judgment claim is brought pursuant to W.Va. Code 55-13-1 et. Seq., the Uniform Declaratory Judgments Act, and the principles set forth in Christian v. Sizemore, 383 S.E.2d 810 (W.Va. 1989), with one of the purposes being for the Court to declare and adjudicate the issues of insurance coverage for Plaintiffs' claims in this action under insurance policies issued by Defendants StarNet and Berkley.

210.    Prior to September 5, 2019, StarNet issued a commercial lines automobile insurance policy, via policy number ECA 3135907-12, to Strike LLC dba Strike, LLC.

211.    This StarNet insurance policy named Capstone as an additional insured.

212.    This StarNet insurance policy was in full force and effect on September 5, 2019, when the crash that is described throughout this Amended Complaint occurred.

213.    Prior to September 5, 2019, Berkley issued a commercial umbrella liability insurance policy, via policy number EUL001949912, to Strike LLC dba Strike, LLC.

214.    This Berkley insurance policy named Capstone as an additional insured.

215.    This Berkley insurance policy was in full force and effect on September 5, 2019, when the crash that is described throughout this Amended Complaint occurred.

216.    Plaintiffs request that the Court declare that the StarNet insurance policy ECA 3135907-12, provides insurance coverage for all claims and all forms of damages that are alleged within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions, and/or conduct.

217.    Plaintiffs request that the Court declare that the Berkley insurance policy EUL001949912, provides insurance coverage for all claims and all forms of damages that are

alleged within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions, and/or conduct.

## DAMAGES

### *(Estate of Stephanie Eddy)*

218.   As a direct and proximate result of the wrongful and tortious acts and omissions of the Defendants, both independently and concurrently, jointly and severally, Stephanie Eddy suffered numerous injuries from the crash, including, but not limited to, fatal burn and crush injuries, that caused to her to suffer extreme pre-death physical pain and suffering, mental anguish, emotional distress and other damages and harm while she remained trapped in her vehicle from the time of the crash through her death, and the Defendants are liable to the Plaintiff for all damages and harm, both general and special, that Mrs. Eddy sustained prior to her death.

219.   As a further direct and proximate result of the wrongful and tortious acts and omissions of the Defendants, which caused or contributed to Stephanie Eddy's injuries and death, Damone Eddy, as the Administrator of Stephanie Eddy's Estate is entitled to the following damages as a result of Stephanie Eddy's death:

  a.  Funeral, burial, and memorial expenses;

  b.  Hospital and medical expenses related to the injuries suffered by Stephanie Eddy that resulted in her death;

  c.  Other expenses reasonably incurred as a result of the wrongful conduct that resulted in Stephanie Eddy's death; and

  d.  All other damages permitted by applicable law.

220.   As a further direct and proximate result of each wrongful and tortious act and omission of Defendants, Damone Eddy, Administrator of the Estate of Stephanie Eddy, and the statutory wrongful death beneficiaries of Stephanie Eddy (Damone Eddy, husband; Averie Eddy,

EXHIBIT A

daughter; Dawson Eddy, son; Denise Phillips, mother; Denny Phillips, father; Sarah Elrod, sister; and Anna Phillips, sister) sustained the following damages, injuries, and losses:

    a.  The sorrow, mental anguish and solace suffered as a result of Stephanie Eddy's death which includes, among other things the loss of Stephanie's society, companionship, comfort, guidance, kindly offices, advice, services, protection, care and assistance;

    b.  The value of the household services, care and assistances that Stephanie Eddy would have provided;

    c.  **Compensation for the conscious pain and suffering that Stephanie Eddy suffered between the time she was injured and the time of her death;**

    d.  The value of Stephanie Eddy's loss of income and fringe benefits; and

    e.  All other damages allowed by applicable law.

221.    As a further direct and proximate result of their egregious misconduct in this case, the Defendants are also liable for punitive damages.

222.    Accordingly, in addition to compensatory damages, the Estate of Stephanie Eddy is seeking punitive damages against Defendants Strike, Capstone, Bennett, Beck, McClain, Anderson and Ali in order to punish the Defendants for their misconduct and to deter the Defendants and others from following a like course.

WHEREFORE, Plaintiff Damone Eddy, in his capacity as the Administrator and Personal Representative of the Estate of Stephanie Eddy, demands judgment against the Defendants, jointly and severally, for the following relief:

    a.  Compensation for the conscious pain and suffering that Stephanie Eddy suffered between the time she was injured and the time of her death;

EXHIBIT A

b. The sorrow, mental anguish and solace suffered as a result of Stephanie Eddy's death which includes, among other things the loss of Stephanie's society, companionship, comfort, guidance, kindly offices, advice, services, protection, care and assistance to the following wrongful death beneficiaries:

    i.  Damone Eddy, Stephanie's husband;
    ii.  Avery Eddy, Stephanie's daughter;
    iii.  Dawson Eddy, Stephanie's son;
    iv.  Denise Phillips, Stephanie's mother;
    v.  Denny Phillips, Stephanie's father;
    vi.  Sarah Elrod, Stephanie's sister;
    vii.  Anna Phillips, Stephanie's sister.

c. The value of Stephanie Eddy's loss of income and fringe benefits;

d. The value of the household services, care and assistance that Stephanie Eddy would have provided to her family;

e. Funeral, burial, and memorial expenses;

f. Hospital and medical expenses related to the injuries suffered by Stephanie Eddy that resulted in her death;

g. Other expenses reasonably incurred as a result of the wrongful conduct that resulted in Stephanie Eddy's death;

h. All damages recoverable under the West Virginia Wrongful Death Act;

i. Punitive damages to the fullest extent permissible by West Virginia law;

j. Pre-judgment and post-judgment interest;

k. Costs and attorney fees expended in this action;

l. A declaration that the StarNet insurance policy ECA 3135907-12, provides insurance coverage for all claims and all forms of damages that are alleged

41

within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions, and/or conduct;

m.  A declaration that the Berkley insurance policy EUL001949912, provides insurance coverage for all claims and all forms of damages that are alleged within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions, and/or conduct; and

n.  Such other general or specific relief which the Court or jury may deem proper.

## DAMAGES

### *(Allison Lippert)*

223.   As a direct and proximate result of the Defendants' negligence, gross negligence, recklessness and other wrongful acts and omissions, both independently and concurrently, jointly and severally, Plaintiff Allison Lippert sustained significant personal injury damages, including, but not limited to, bodily injuries, psychological injuries and harm, physical pain and suffering, emotional distress, mental anguish, embarrassment, worry, anxiety, and loss of enjoyment of life.

224.   As a further direct and proximate result of the Defendants' negligence, gross negligence, recklessness and other wrongful acts and omissions, as described herein and as will be further developed in discovery, Allison Lippert has required medical care and treatment, including counseling, and has incurred medical bills/expenses for such care/treatment.

225.   Some or all of Allison Lippert's injuries and damages, are believed to be permanent or long lasting in nature, and are expected to cause the Plaintiff to continue to suffer such damages in the future, including, but not limited to, future medical and counseling expenses which she continues to incur for care and treatment of her injuries, physical pain, emotional suffering, mental

EXHIBIT A

anguish, worry, anxiety, embarrassment, loss of wages/loss of earning capacity, loss of enjoyment of life and other special and general damages.

226.    As a further direct and proximate result of the Defendants' egregious misconduct in this case, the Defendants are also liable to Allison Lippert for punitive damages.

227.    Accordingly, in addition to compensatory damages, Allison Lippert is also seeking punitive damages against Defendants Strike, Capstone, Bennett, Beck, McClain, Anderson and Ali in order to punish the Defendants for their misconduct and to deter the Defendants and others from following a like course.

WHEREFORE, Plaintiff Allison Lippert demands judgment against the Defendants, jointly and severally, for the following relief:

(a)    Compensatory damages for all past, present and future medical and counseling expenses, loss of earnings and loss of earning capacity damages, loss of services, miscellaneous expenses and all other special damages in a fair and just amount determined by the jury;

(b)    General damages for all past, present and future physical pain and suffering, mental anguish, emotional distress, worry, grief, anxiety, permanent injury, embarrassment, annoyance, inconvenience, loss of the enjoyment of life, emotional distress and all other recoverable general damages in a fair and just amount determined by the jury;

(c)    Punitive damages to the fullest extent permissible by West Virginia law;

(d)    Pre-judgment and post-judgment interest;

(e)    Costs and attorney fees expended in this action;

(f)    A declaration that the StarNet insurance policy ECA 3135907-12, provides insurance coverage for all claims and all forms of damages that are alleged within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions,

43

EXHIBIT A

and/or conduct;

(g)    A declaration that the Berkley insurance policy EUL001949912, provides insurance coverage for all claims and all forms of damages that are alleged within this Amended Complaint as a result of Strike, Capstone and their agents and employees' actions, omissions, and/or conduct; and

(f)    Such other further general or specific relief, which the Court or jury may deem proper.

## PLAINTIFFS DEMAND A TRIAL BY JURY.

Plaintiff, Damone N. Eddy, in his capacity as the Administrator and Personal Representative of the Estate of Stephanie N. Eddy,
By Counsel:

Samuel. D. Madia (W.Va. Bar #10819)
Jonathan Wesley Prince (W.Va. Bar # 13250)
**SHAFFER MADIA LAW, PLLC**
1056A Maple Drive
Morgantown, WV 26505
P: (304) 622-1100; F: (304) 599-5859
sam@shaffermadialaw.com
wes@shaffermadialw.com

Allison Lippert,
By Counsel

10819
w/permission

Paul R. Cranston, Esq. (W.Va. Bar #5191)
**CRANSTON & EDWARDS, PLLC**
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite II
Morgantown, West Virginia 26501
Phone: (304) 296-3500
Fax: (304) 296-3600
E-Mail: pcranston@cranstonedwards.com

44

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Strike, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Bolt; Bolt Instrumentation & Electrical; Capstone; Capstone Energy Services; Capstone Energy Services, LLC; Capstone, LLC;<br><br>Capstone Infrastructure Services, LLC; Strike Construction, LLC; Pickett Measurement Systems; Pickett Systems; Strike I&E; Strike Industrial;<br><br>Strike Oilfield; Strike Testing; Strike, LLC; Strike USA; Circle K of Arkansas, Inc.; RAS Americas, LLC; Bolt Companies; Bolt Companies, LLC;<br><br>Bolt Site & Civil; Bolt Testing Services; Edge Hydrotesting; Edge Hydrotesting, LLC; Edge Testing; Edge Testing, LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 37-1462120 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |

**Principal place of business**

| 1800 | Hughes Landing Blvd. |
|---|---|
| Number | Street |

Suite 500

| The Woodlands | TX | 77380 |
|---|---|---|
| City | State | ZIP Code |

Montgomery

County

**Mailing address, if different from principal place of business**

| | |
|---|---|
| Number | Street |

P.O. Box

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.strikeusa.com; www.boltcompanies.com; www.pickettsystems.com |

EXHIBIT B

Debtor __Strike, LLC_____     Case number (if known)_____
        Name

| | |
|---|---|
| **6.** **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.** **Describe debtor's business** | A. *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☑ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 2131 |

| | |
|---|---|
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☑ Chapter 11. *Check **all** that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

No. 1:22-ap-00005   Doc 1   Filed 03/07/22   Entered 03/08/22 12:55:42   Page 53 of
Case 21-90054   Document 1   Filed in TXSB on 12/06/21   Page 3 of 20
117

EXHIBIT B

Debtor  **Strike, LLC**
Name

Case number *(if known)*_____

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes. District _____ When __ __ / __ __ / __ __ __ __  Case number _____<br>MM / DD / YYYY<br><br>District _____ When __ __ / __ __ / __ __ __ __  Case number _____<br>MM / DD / YYYY |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes. Debtor  See Schedule A _____  Relationship _____<br><br>District _____  When _____<br>MM / DD / YYYY<br><br>Case number, if known  _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?**  *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number      Street<br>    _____<br>    _____<br>    City                          State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

**Statistical and administrative information**

| Debtor | Strike, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | | | | |
|---|---|---|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | | |
| **14. Estimated number of creditors\*** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 | |
| **15. Estimated assets\*** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion | |
| **16. Estimated liabilities\*** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion | |

▊ **Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | | |
|---|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct. | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/06/2021
　　　　　　　MM / DD / YYYY

**✗** /s/ _Sean m. G____　　　　　　Sean Gore
Signature of authorized representative of debtor　　Printed name

Title  Chief Financial Officer

---

\* Represents consolidated financial information for Strike, LLC and its affiliated debtors as set forth in Schedule A. This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.

EXHIBIT B

| Debtor | Strike, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**18. Signature of attorney**

✖ /s/ Matthew D. Cavenaugh _____    Date    12/06/2021 _____

Signature of attorney for debtor                                          MM  / DD / YYYY

Matthew D. Cavenaugh _____

Printed name

Jackson Walker LLP _____

Firm name

1401      McKinney Street, Suite 1900 _____

Number     Street

Houston _____    TX      77010 _____

City                                          State     ZIP Code

(713) 752-4200 _____    mcavenaugh@jw.com _____

Contact phone                                          Email address

24062656 _____    Texas _____

Bar number                                          State

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page **5**

EXHIBIT B

# <u>Schedule A</u>

### SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | DEBTOR | EMPLOYER/CORPORATE IDENTIFICATION NUMBER | JURISDICTION |
|---|---|---|---|
| 1. | Strike, LLC | 37-1462120 | United States |
| 2. | Strike HoldCo, LLC | 86-2030607 | United States |
| 3. | Delta Directional Drilling, LLC | 47-1089896 | United States |
| 4. | Strike Global Holdings, LLC | 81-3844661 | United States |
| 5. | Capstone Infrastructure Services, LLC | 82-4230161 | United States |
| 6. | Crossfire, LLC | 04-3677582 | United States |

EXHIBIT B

**STRIKE, LLC**

_____

**WRITTEN CONSENT
OF
THE SOLE MEMBER**

Dated December 6, 2021

_____

The UNDERSIGNED, being the sole member (the "**Sole Member**") of Strike, LLC, a Texas limited liability company (the "**Company**"), acting in accordance with Section 101.359 of the Texas Business Organization Code and Section 2.2 of the Seventh Amended and Restated Regulations of the Company, dated February 12, 2021, hereby consents in writing to approve the adoption of the following resolutions, effective as of the date first set forth above:

WHEREAS, Strike Investment, LLC ("**Strike Investment**") is the sole member of the Sole Member;

WHEREAS, the Board of Managers of the Strike Investment, including the restructuring committee of such Board (the "**Restructuring Committee**") comprised of independent managers, in its capacity as the sole member of the Sole Member, has considered presentations by the management of, and the outside advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Sole Member, as authorized by Strike Investment through the Restructuring Committee, has also had the opportunity to consult with the Company's management and outside advisors, and to fully consider the restructuring negotiations with the Company's creditors and other parties in interest;

WHEREAS, based on its review of all available alternatives and advice provided by such outside advisors, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company, its subsidiaries, their respective creditors, and other parties in interest, for the Company and its subsidiaries to take the actions specified in the resolutions set forth below;

*Chapter 11 Case*

WHEREAS, Strike Investment, in its capacity as the sole member of the Sole Member, has been presented with a proposed petition to be filed by the Company and certain of its subsidiaries Delta Directional Drilling, LLC, Strike Global Holdings, LLC, Capstone Infrastructure Services, LLC, and Crossfire, LLC (collectively, the "**Debtor Subsidiaries**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, having considered the financial

and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interest of the Company, its creditors, and other parties in interest that a petition be filed by the Company and the Debtor Subsidiaries seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company and the Debtor Subsidiaries;

*Debtor-in-Possession Financing*

WHEREAS, the Company intends to execute that certain Senior Secured Super-Priority Debtor-in-Possession Loan and Security Agreement, dated as of the date hereof (as may be further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among Sole Member and the Company, LLC, as borrowers, each person party thereto from time to time as a lender, the issuing banks party thereto from time to time, and Lightship Capital II LLC, as administrative agent for the lenders;

WHEREAS, pursuant to the proposed DIP Credit Agreement, the Company may enter into certain other loan documents referred to in the DIP Credit Agreement (the "**DIP Loan Documents**");

WHEREAS, Strike Investment, in its capacity as the sole member of the Sole Member, through the Restructuring Committee, has reviewed substantially final versions of the DIP Credit Agreement and the DIP Loan Documents and after careful review and consideration, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company to enter into the DIP Credit Agreement and the Company believes that it is advisable and in pursuit of its purposes as an integral part of the business conducted and proposed to be conducted by the Company to enter into such documents, consummate such transactions and perform its obligations under the DIP Loan Documents, in each case, as more fully set forth therein;

WHEREAS, it is a condition precedent to the effectiveness of and the extensions of credit under the DIP Credit Agreement that the Company execute and deliver, among other things, the DIP Loan Documents and the other agreements, documents, notes, instruments and certificates contemplated thereby (collectively, together with the DIP Loan Documents, the "**Transaction Documents**", the entry into the Transaction Documents is referred to herein as the "**Transaction**");

WHEREAS, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, has determined that the Company will receive direct and indirect benefits from the transactions contemplated by the DIP Credit Agreement and the other Transaction Documents;

WHEREAS, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, has deemed it advisable and in the best interests of the Company that the Company enter into, execute, deliver and perform its obligations under each of the Transaction Documents to which it is a party, enter into the transactions contemplated thereby and guarantee the obligations under the Transaction Documents;

*Key Employee Retention Plan*

No. 1:22-ap-00005   Doc 1   Filed 03/07/22   Entered 03/08/22 12:55:42   Page 59 of
Case 21-90054   Document 1   Filed in TXSB on 12/06/21   Page 9 of 20
117

EXHIBIT B

WHEREAS, in order to retain certain of the key client facing field employees of certain of the Debtor Subsidiaries during the chapter 11 cases of the Debtor Subsidiaries, the Debtor Subsidiaries have developed a Key Employee Retention Plan (the "**KERP**") with the assistance of Korn Ferry, Opportune LLP, and White & Case LLP, the advisors in the Debtor Subsidiaries' compensation, evaluation and restructuring efforts, respectively;

WHEREAS, after due and careful consideration of the terms and conditions set forth therein, Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, believes it is advisable and in the best interests of the Debtor Subsidiaries to approve the KERP, which provides for estimated aggregate awards with a target value of approximately $815,000, to be paid in two phases, subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Debtor Subsidiaries' creditors or other parties in interest. The KERP will be important to the Debtor Subsidiaries business and restructuring efforts; and

WHEREAS, the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee.

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, it is desirable and in the best interests of the Company, its subsidiaries, their respective equityholders, creditors, and other interested parties, that a voluntary petition be filed by the Company and the Debtor Subsidiaries seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized and directed hereby; and it is further

RESOLVED, that the Company's officers and the members of the Restructuring Committee (each, an "**Authorized Person**") be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine; and it is further

*Retention of Professionals*

RESOLVED, that the Company is authorized, and each Authorized Person be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, to retain and employ professionals to render services to the Company and the Debtor Subsidiaries in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firms White & Case LLP and Jackson Walker LLP to act as restructuring counsel; Opportune Partners LLC to act as its investment banker; Opportune Partners LLP to act as its financial advisor; and Epiq Corporate Restructuring, LLC as its claims and noticing agent; and in connection herewith, each Authorized Person is hereby authorized and

No. 1:22-ap-00005    Doc 1    Filed 03/07/22    Entered 03/08/22 12:55:42    Page 60 of
Case 21-90054    Document 1    Filed in TXSB on 12/06/21    Page 10 of 20    117

EXHIBIT B

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, on behalf of and in the name of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

*Debtor-in-Possession Financing*

RESOLVED, that the form, terms, and provisions of the Transaction Documents (including all exhibits and schedules thereto) be, and hereby are, in all respects approved, adopted, authorized, ratified and confirmed; and it is further

RESOLVED, that any capitalized terms used but not defined herein shall have the meanings ascribed to such term in the DIP Credit Agreement; and it is further

RESOLVED, that each Authorized Person be, and each of them hereby is authorized and empowered and directed to (i) execute the Transaction Documents on behalf of the Company with all changes thereto and supplements, modifications and amendments thereof approved by, and any other documents or certificates required to be delivered by it or any Authorized Signatory pursuant thereto, and (ii) cause the Company to perform its obligations under the Transaction Documents and take any and all other actions that may be necessary or desirable in order to satisfy or perform any and all of the Company's obligations thereunder, to consummate the transactions contemplated therein, and otherwise carry out the intent or purposes of these resolutions; and it is further

*Key Employee Retention Program*

RESOLVED, that Strike Investment, in its capacity as the sole member of the Sole Member, through the approval of the Restructuring Committee, authorizes the Debtor Subsidiaries to enter into the KERP; subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Debtor Subsidiaries' creditors or other parties in interest; and it is further

RESOLVED, that the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee; and it is further

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or

No. 1:22-ap-00005   Doc 1   Filed 03/07/22   Entered 03/08/22 12:55:42   Page 61 of
Case 21-90054   Document 1   Filed in TXSB on 12/06/21   Page 11 of 20

EXHIBIT B

amendments to existing documents, and to negotiate, or cause or authorize to be negotiated, the forms, terms, and provisions of, and to execute and deliver, or cause or authorize to be executed and delivered, any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all other action in furtherance of the foregoing resolutions which such Authorized Person deems necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and debtor-in-possession financing, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary-course operation of the Company's business; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to do and perform, or cause or authorize to be done and performed, in accordance with these resolutions any and all such other acts, deeds and things and to make, execute and deliver, or cause to be made, executed and delivered, in the name and on behalf of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, as may be necessary or proper, any and all such agreements, undertakings, documents, consents, filings or instruments, with such terms and provisions as any such Authorized Person may approve, as such Authorized Person may deem necessary or proper to carry out the purpose and intent of the foregoing resolutions, the execution, delivery or performance thereof, or the taking of any such action to be conclusive evidence of such approval and authority; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to act without the joinder of any other Authorized Person in connection with the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company and/or the Debtor Subsidiaries under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the

No. 1:22-ap-00005   Doc 1   Filed 03/07/22   Entered 03/08/22 12:55:42   Page 62 of
Case 21-90054   Document 1   Filed in TXSB on 12/06/21   Page 12 of 20

EXHIBIT B

acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, on or before the date hereof in connection with the subject matter of the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons be, and each hereby is, authorized and empowered to take all actions, or cause to be taken all actions, in the name of the Company, in its individual capacity and as the sole member of the Debtor Subsidiaries, with respect to the transactions contemplated by these resolutions as the shareholder, partner, member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Person shall deem necessary, proper, appropriate, desirable, or advisable to effectuate the purposes of the foregoing resolutions, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of any potential financing transactions that, in the judgement of such Authorized Person, become necessary to successfully prosecute the chapter 11 cases; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by their execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms.

***

EXHIBIT B

[*Signature Page Follows*]

No. 1:22-ap-00005   Doc 1   Filed 03/07/22   Entered 03/08/22 12:55:42   Page 64 of
Case 21-90054   Document 1   Filed in TXSB on 12/06/21   Page 14 of 20
117

EXHIBIT B

IN WITNESS WHEREOF, the undersigned, has duly executed and caused this Written Consent to be delivered as of the date first written above.

**STRIKE HOLDCO, LLC**

**By: STRIKE INVESTMENT, LLC,** its sole member

Name: Sean Gore

Title: Authorized Signatory

*[Signature Page to Sole Member Written Consent of Strike, LLC]*

AMERICAS 108924078

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re | Chapter 11 |
| STRIKE, LLC, | Case No. 21-[_____] ( ) |
| Debtor. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY SECURITY HOLDERS OF**
**STRIKE, LLC**

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "**Debtor**"), a Texas Limited Liability Company, hereby respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name | Address | Shares (Percent) |
|---|---|---|
| Strike HoldCo, LLC | 1800 Hughes Landing Blvd. Suite 500 The Woodlands, TX 77380 | 100% |

EXHIBIT B

Fill in this information to identify the case and this filing:

Debtor Name    Strike, LLC

United States Bankruptcy Court for the:    Southern    District of    Texas
(State)

Case number (If known):    21-

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of those documents, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑    *Schedule H: Codebtors* (Official Form 206H)

❑    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑    Amended *Schedule* ____

❑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

◼    Other document that requires a    Combined Corporate Ownership Statement and List of Equity Security Holders
declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/06/2021            **✗** /s/   Sean M. Gore
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

Sean Gore
Printed name

Chief Financial Officer
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

EXHIBIT B

Fill in this information to identify the case:

Debtor Name:   Strike, LLC

United States Bankruptcy Court for the:        Southern District of Texas

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MEARS GROUP INC. 1622 EASTPORT PLAZA DRIVE COLLINSVILLE, IL  62234 | CONTACT: STEVE GUDE PHONE: 618-343-6400 AR.MEARS@MEARS.NET | LITIGATION | CUD | | | $4,100,000.00 |
| 2 | EAGLE CAPITAL CORPORATION PO BOX 4215 TUPELO, MS  38803 | PHONE: 662-214-9818 ACCOUNTING@EAGLECAPITALCORP.COM | LITIGATION | CUD | | | $3,466,068.00 |
| 3 | UNITED RENTALS INC PO BOX 840514 DALLAS, TX  75284-0514 | CONTACT: BRANDON LANDRENEAU PHONE: 325-895-8729 ACH@UR.COM; CTENDLER@UR.COM | EQUIPMENT RENTAL | CUD | | | $1,707,971.42 |
| 4 | ARDENT SERVICES LLC PO BOX 974759 DALLAS, TX  75397-4759 | CONTACT: JENNIFER BURCHFIELD PHONE: 985-792-3000 ARNOTES@ARDENT.US | TRADE | CUD | | | $1,590,164.65 |
| 5 | MICHELS CORPORATION PO BOX 95 BROWNSVILLE, WI  53006 | CONTACT: AUBRIE CONRAD PHONE: 920-583-3132 ACONRAD@MICHELS.US | DRILLING WORK | CUD | | | $1,588,450.00 |
| 6 | DAKOTA LINE CONTRACTORS INC 2729 PAINTBALL WAY BISMARCK, ND  58504 | PHONE: 701-224-8654 LWHITE@DLCND.COM | CONV ROAD BORING | CUD | | | $1,350,792.00 |
| 7 | DELTA FUEL COMPANY P.O. BOX 1810 FERRIDAY, LA  71334 | CONTACT: CHRISTINA ROBERTS PHONE: 318-757-3975 ACHPAYMENTS@DELTAFUEL.COM | FUEL | CUD | | | $1,139,489.94 |

Debtor:  *Strike, LLC*                                          Case Number  (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | SUMMIT ELECTRIC SUPPLY CO INC PO BOX 7280 DALLAS, TX  75284-8345 | CONTACT: SHAUNA MARTINEZ PHONE: 505-389-1733 EXT 1233 CASHAPPLICATIONS@SUMMIT.COM | OPERATIONS SUPPLIER | CUD | | | $1,139,391.04 |
| 9 | JONES TRANSPORT 6184 HWY 98 W, STE 210 HATTIESBURG, MS  39402 | CONTACT: JENNIFER HOUSTON PHONE: 601-736-1151 CHRISTI.BOUNDS@JONESLOGISTICS.COM | TRADE | CUD | | | $1,113,208.49 |
| 10 | BLACKWELL ENTERPRISES INC 14634 COTTON GIN AVE WAYNE, OK  73095 | CONTACT: BEN BRAKEFIELD PHONE: 405-449-7795 BBRAKEFIELD@BLACKWELLENT.COM | TRADE | CUD | | | $1,044,561.59 |
| 11 | CROSS COUNTRY INFRASTRUCTURE SVCS USA PO BOX 843851 KANSAS CITY, MO  64184-3851 | CONTACT: ADRIANNE BENNETT PHONE: 303-361-6797 ABENNETT@CCPIPELINE.COM | EQUIPMENT RENTAL | CUD | | | $1,014,695.33 |
| 12 | CAT FINANCIAL COMMERCIAL ACCT PO BOX 732005 DALLAS, TX  75397-8595 | CONTACT: ABBEY BIRKEY PHONE: 188-228-8811 ADSMITH@FOLEYEQ.COM | EQUIPMENT RENTAL | CUD | | | $934,912.13 |
| 13 | HARDROCK DIRECTIONAL DRILLING PO BOX 33371 SAN ANTONIO, TX  78265 | CONTACT: BOBBY HOOVER PHONE: 210-403-2086 BOBBY.HOOVER@HARDROCKHDD.COM | DRILLING WORK | CUD | | | $873,095.00 |
| 14 | GRAYBAR ELECTRIC CO INC 900 RIDGE AVE PITTSBURGH, PA  15212 | PHONE: 412-320-2594 CUSTOMERREMIT@GRAYBAR.COM | OPERATIONS SUPPLIER | CUD | | | $792,029.90 |
| 15 | PIPELINE SUPPLY & SERVICE PO BOX 74321 CLEVELAND, OH  44194-4321 | CONTACT: BRANDI WRIGHT PHONE: 713-741-8125 AR@PSSCOMPANIES.COM; BRANDI.WRIGHT@PSSCOMPANIES.COM | TRADE | CUD | | | $731,615.79 |
| 16 | BAYOU ELECTRICAL SERVICES 8036 MILLER ROAD 2 HOUSTON, TX  77049 | CONTACT: JORDAN DEVATY PHONE: 281-121-5200 AR@BAYOUELECTRICAL.COM | TRADE | CUD | | | $675,980.61 |
| 17 | CBK TRANSPORT LLC 28310 ASCOT FARMS ROAD MAGNOLIA, TX  77354 | CONTACT: BEN FLEMING PHONE: 713-502-5185 BEN.FLEMING@CBKTRANSPORT.COM | TRADE | CUD | | | $595,237.50 |
| 18 | WHOLESALE ELECTRIC SUPPLY PO BOX 732778 DALLAS, TX  75373-2778 | PHONE: 281-479-6055 ARREMIT@WHOLESALEELECTRIC.COM | OPERATIONS SUPPLIER | CUD | | | $546,568.50 |
| 19 | ALLWASTE INDUSTRIAL SVCS LLC PO BOX 1378 MONT BELVIEU, TX  77580 | PHONE: 346-801-3116 AR@ALLWASTEINDUSTRIAL.COM | HYDRO EXCAVATION | CUD | | | $533,675.69 |
| 20 | J2 RESOURCES LLC 945 MCKINNEY DR., 116 HOUSTON, TX  77002 | PHONE: 713-401-3171 KDUGAN@J2RESOURCES.COM | OPERATIONS SUPPLIER | CUD | | | $533,065.04 |

No. 1:22-ap-00005    Doc 1    Filed 03/07/22    Entered 03/08/22 12:55:42    Page 69 of
Case 21-90054    Document 1    Filed in TXSB on 12/06/21    Page 19 of 20
117

EXHIBIT B

Debtor:  Strike, LLC

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  C.I. ACTUATION PO BOX 842348 DALLAS, TX  75284-2348 | CONTACT: ASHLEY YOUNG PHONE: 281-209-3800 ASHLEY.YOUNG@CIACTUATION.COM | OPERATIONS SUPPLIER | CUD | | | $524,808.59 |
| 22  VELOX LLC PO BOX 142 RYLAND, AL  35767 | CONTACT: HARRY FOX PHONE: 256-217-4339 OFFICEADMIN@VELOXUC.COM | DRILLING WORK | CUD | | | $506,970.88 |
| 23  WHITCO SUPPLY LLC 200 N. MORGAN AVENUE BROUSSARD, LA  70518 | PHONE: 337-837-2440 CAMILLE@WHITCOSUPPLY.COM | OPERATIONS SUPPLIER | CUD | | | $501,556.59 |
| 24  AXIS INDUSTRIAL SERVICES LLC 5110 IH 37 CORPUS CHRISTI, TX  78407 | PHONE: 361-888-4855 DEDISON@AXISINDSVCS.COM | FABRICATION | CUD | | | $501,376.00 |
| 25  IGNITE ENERGY SERVICES PO BOX 2247 FREDERICKSBURG, TX  78624 | CONTACT: DEBORAH MICHEL PHONE: 318-505-3630 ACCOUNTING@IGNITEHYDRO.COM | HAULING - EQ | CUD | | | $486,450.27 |
| 26  BC HENDERSON CONSTRUCTION INC 366 VZCR 3605 EDGEWOOD, TX  75117 | CONTACT: MACEY MCKEE PHONE: 903-896-4835 BRYAN@BCHCONSTRUCT.COM | DRILLING WORK | CUD | | | $484,768.35 |
| 27  ROCK-IT NATURAL STONE INC PO BOX 410 WISTER, OK  74966 | CONTACT: LINDA LANE PHONE: 800-371-4219 LINDA_LANE@ROCK-ITNATURALSTONE.COM | HAULING - D/M | CUD | | | $465,639.54 |
| 28  MASON CONSTRUCTION LTD PO BOX 20057 BEAUMONT, TX  77720-0057 | CONTACT: BRITNI MILAM PHONE: 409-842-4455 PAYMENTS@MASONCONSTRUCTION.NET | TRADE | CUD | | | $462,518.98 |
| 29  STRATA INNOVATIVE SOLUTIONS 12005 STARCREST DR SAN ANTONIO, TX  78247 | CONTACT: ASHLEY SCHULTZ PHONE: 210-714-2386 ASHLEYSCHULTZ@STRATA-IS.COM | TRADE | CUD | | | $452,945.15 |
| 30  BENNETT CONSTRUCTION, INC. AND NGM INSURANCE COMPANY 210 PARK AVENUE SUITE 1200 OKLAHOMA CITY, OK  73102 | CONTACT: BRADLEY DAVENPORT PHONE: 405-898-8654 BDAVENPORT@DSDA.COM | LITIGATION | CUD | | | UNDETERMINED |

EXHIBIT B

Fill in this information to identify the case and this filing:

Debtor Name **Strike, LLC**

United States Bankruptcy Court for the: **Southern**    District of **Texas**
                                                                        (State)

Case number (*If known*): **21-**

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/06/2021**          **X** /s/ ____Sean m. Gore____
                MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                 **Sean Gore**
                                                 Printed name

                                                 **Chief Financial Officer**
                                                 Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Cornell Law School

U.S. Code › Title 28 › Part I › Chapter 6 › § 157

# 28 U.S. Code § 157 - Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

**(L)** confirmations of plans;

**(M)** orders approving the use or lease of property, including the use of cash collateral;

**(N)** orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)** other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

**(P)** recognition of foreign proceedings and other matters under chapter 15 of title 11.

**(3)** The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

**(4)** Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

**(5)** The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

**(c)**

**(1)** A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**(2)** Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

**(d)** The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that

resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

(Added Pub. L. 98–353, title I, § 104(a), July 10, 1984, 98 Stat. 340; amended Pub. L. 99–554, title I, §§ 143, 144(b), Oct. 27, 1986, 100 Stat. 3096; Pub. L. 103–394, title I, § 112, Oct. 22, 1994, 108 Stat. 4117; Pub. L. 109–8, title VIII, § 802(c)(1), Apr. 20, 2005, 119 Stat. 145.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

[LII]

**EXHIBIT D**



U.S.
FILED
APR   2 2013
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:      **ADMINISTRATION OF THE UNITED**
            **STATES BANKRUPTCY COURT**          Misc. No.: **5:13-MC-12**

### AMENDED STANDING ORDER OF REFERENCE

     Pursuant to 28 U.S.C. Section 157(a), any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judge for this district.

     If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

     ORDERED, this **2ND** day of April, 2013, by the United States District Court for the Northern District of West Virginia.

John Preston Bailey
Chief Judge
United States District Court
Northern District of West Virginia

EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE

REMOVAL OF ACTIONS FROM STATE COURT

U. S. DISTRICT COURT
FILED AT ELKINS, WV

JUL 2 8 1988

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

O R D E R

Title 28, United States Code, Section 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

By Order entered August 20, 1984, nunc pro tunc June 27, 1984, this Court referred all such cases, matters, and proceedings to the United States Bankruptcy Court for the Northern District of West Virginia.

Further, 28 U.S.C. §1452 provides that:

(a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

The Court notes that Rule 9027 of the Official Bankruptcy Rules permits actions to be removed from state court to the

AO 72A
(Rev. 8/82)

EXHIBIT E

bankruptcy court in the district where the action is pending.

As a consequence of this Court's general order of reference, and pursuant to 28 U.S.C. §§157, (1334), and 1452, and consistent with Rule 9027 of the Official Rules of Bankruptcy, it is hereby

**ORDERED** that all removal actions arising in or related to the bankruptcy case be referred to the United States Bankruptcy Court for the Northern District of West Virginia; process and procedure for removal actions shall be governed by Rule 9027 of the Official Rules.

ENTER: *July 28, 1988.*

ROBERT E. MAXWELL, Chief Judge

WILLIAM M. KIDD, Judge

I hereby certify that the annexed instrument is a true and correct copy of the original filed in my office.
ATTEST: Dr. Wally Edgell
Clerk, U. S. District Court
Northern District of West Virginia

By: _____ Deputy Clerk

AO 72A
(Rev. 8/82)

EXHIBIT F

CASE#:  **20-C-50**                Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|---|---|---|---|---|---|---|
| 1 | 02/18/2020 | Complaint and c/s First Set of Discovery to Micah McClain | | | | |
| 2 | 02/18/2020 | Additional clerk/filing fees | | | | |
| 3 | 02/18/2020 | Process issued - CM on Micah McClain | | | | |
| 4 | 02/18/2020 | Process issued on Micah McClain - S/S | | | | |
| 5 | 02/18/2020 | Process issued on Strike, LLC, Capstone Energy Services, LLC, | | | | |
| 6 | 02/18/2020 | Anderson Excavating LLC, Addey Bennett & Nicholas F. Ali - returned | | | | |
| 7 | 02/18/2020 | to atty for service | | | | |
| 8 | 02/18/2020 | Process held on Ken Beck - TBD | | | | |
| 9 | 02/27/2020 | Pl. Damone N. Eddy's Request for Inspection of Mobile Devices from | | | | |
| 10 | 02/27/2020 | Def. Ali | | | | |
| 11 | 02/27/2020 | Pl's Request for Inspection of Mobile Devices Def Micah A. McClain | | | | |
| 12 | 02/27/2020 | c/s Pl's First Set of Discovery To Strike LLC | | | | |
| 13 | 02/27/2020 | c/s Pl's First Set of Discovery to Capstone Energy Services, LLC | | | | |
| 14 | 02/28/2020 | S/S accepted service on behalf of Micah McClain on 2/24/20 | | | | |
| 15 | 03/05/2020 | c/s Pl's Second Set of of Discovery to Micah McClain | | | | |
| 16 | 03/05/2020 | c/s Pl's First Set of Discovery To Addey L. Bennett | | | | |
| 17 | 03/05/2020 | c/s Pl's First Set of Discovery to Anderson Excavating LLC | | | | |
| 18 | 03/05/2020 | c/s Pl's First Set of Dioscovery to Nicholas F. Ali | | | | |
| 19 | 03/05/2020 | Pl's Req. for Inspection of Mobile Devices From Def. Bennet | | | | |
| 20 | 03/05/2020 | Pl's Notice of Issuance of Civil Case Subpoena Duces Tecum (for | | | | |
| 21 | 03/05/2020 | Berkley National Ins. Co., Westfield Ins. Co & Bond Ins. Agency) | | | | |
| 22 | 03/10/2020 | S/S accepted service on behalf of Bond Ins. Agency, Inc. on 3/5/20; | | | | |
| 23 | 03/10/2020 | on behaf of Westfied Ins. Co. on 3/5/20; on behaf Berkey | | | | |
| 24 | 03/10/2020 | National Ins. Co. on 3/5/20 | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 25 | 03/12/2020 | c/s Def's Request for Admission, Interr. & Document Requests to Pl. | | | | |
| 26 | 03/13/2020 | Clerk fee | | | | |
| 27 | 03/13/2020 | Process issued on Capstone Energy Services LLC - S/S | | | | |
| 28 | 03/16/2020 | Pl's Request for Inspection of Mobile Devices From Def. Bennett | | | | |
| 29 | 03/16/2020 | Pl's Request for Inspection of Mobile Devices From Def. Beck | | | | |
| 30 | 03/16/2020 | c/s Pl's First Set of Discovery to Ken Beck | | | | |
| 31 | 03/16/2020 | Notice of Appearance of Dumire/Smith/Elshiaty for Anderson Excavating | | | | |
| 32 | 03/16/2020 | Notice of Bona Fide Defense (Dumire et al for Nicholas Ali) | | | | |
| 33 | 03/19/2020 | S/S accepted service on behalf of Capstone Energy Services on 316/20 | | | | |
| 34 | 03/27/2020 | Process ret'd  M. McClain as unclaimed | | | | |
| 35 | 03/30/2020 | Pl's Notice of Deposition of May 26, 2020 | | | | |
| 36 | 03/30/2020 | Pl's Notice of Depositon of May 27, 2020 | | | | |
| 37 | 03/30/2020 | Notice of Depositions on May 28, 2020 | | | | |
| 38 | 03/30/2020 | Stipulation Regarding Additional Form of Service | | | | |
| 39 | 04/07/2020 | Notice of Issuance and Service of SDT on behalf of Def(Tracfone Wirele | | | | |
| 40 | 04/07/2020 | *Acknowledgment & Acceptance of Service for Def. McClain (Benninger | | | | |
| 41 | 04/07/2020 |  accepted for McClain) | | | | |
| 42 | 04/07/2020 | *Notice of Appearance (Michael Benninger for McClain) | | | | |
| 43 | 04/07/2020 | *Amended Notice of Issuance and Service of Sub. D. T. to TracFone | | | | |
| 44 | 04/07/2020 |  Wireless | | | | |
| 45 | 04/08/2020 | *Notice of Appearance of Counsel (D. Varner/J. VanVolkenburg for | | | | |
| 46 | 04/08/2020 |  Strike, LLC, Ken Beck and Addey L. Bennett) | | | | |
| 47 | 04/08/2020 | *Defs. Strike, LLC, K. Beck & A. Bennett's Notice of Issuance & | | | | |
| 48 | 04/08/2020 |  Service of Subpoena Duces Tecum on AT&T National Compliance | | | | |

**EXHIBIT F**

CASE#:  **20-C-50**                     Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 49 | 04/17/2020 | Pls' Notice of Issuance of Civil Case Subpoenas Ad Testificandum to | | | | |
| 50 | 04/17/2020 | Jennifer Cotton, Sammy Nutter, Samuel Oliveto | | | | |
| 51 | 04/17/2020 | Pls' Notice of Issuance & Service of Civil Case Subpoena Duces Tecum | | | | |
| 52 | 04/17/2020 | Upon DTE Appalachia Gathering LLC | | | | |
| 53 | 04/17/2020 | Pl's Notice of Issuance & Service of Civil Case Subpoena Duces Tecum | | | | |
| 54 | 04/17/2020 | Upon Pullin Fowler Flanagan Brown & Poe PLLC | | | | |
| 55 | 04/17/2020 | *c/s Cross-Notice of Deposition of Jennifer Cotton | | | | |
| 56 | 04/17/2020 | *c/s Cross-Notice of Deposition of Samuel Oliveto | | | | |
| 57 | 04/17/2020 | *c/s Cross-Notice of Deposition of Sammy Nutter | | | | |
| 58 | 04/20/2020 | Def. Addey Bennett's Civil Case Subpoena Duces Tecum to AT&T | | | | |
| 59 | 04/20/2020 | c/s Pl's Second Set of Discovery to Strike, LLC | | | | |
| 60 | 04/20/2020 | STIPULATED PROTECTIVE ORDER:  in re confidential information | | | | |
| 61 | 04/20/2020 | producted during discovery | | | | |
| 62 | 04/24/2020 | S/S accepted service on behalf of Pullin Fowler Flanigan Brown & Poe | | | | |
| 63 | 04/24/2020 | PLLC (for Subpoena Duces Tecum) on 4/20/20 | | | | |
| 64 | 04/24/2020 | S/S accepted service on behalf of DTE Appalachia Gathering LLC (for | | | | |
| 65 | 04/24/2020 | SDT) on 4/20/20 | | | | |
| 66 | 05/12/2020 | c/s Pl's Second Set of Discovery to Ken Beck | | | | |
| 67 | 05/12/2020 | c/s Pl's Second Set of Discovery to Addey L. Bennett | | | | |
| 68 | 05/12/2020 | c/s Pl's Third Set of Discovery to Micah A.  McClain | | | | |
| 69 | 05/12/2020 | c/s Pl's Third Set of Discovery to Strike, LLC | | | | |
| 70 | 05/13/2020 | Westfield Ins. Co's Response & Objections to Pls' Civil Case | | | | |
| 71 | 05/13/2020 | Subpoena Duces Tecum | | | | |
| 72 | 05/14/2020 | Nationwide's Motion to Intervene filed | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

JUDGE:   PHILLIP D. GAUJOT

Date Opened:  02/18/2020
Date Printed:  03/07/2022

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 73 | 05/15/2020 | Clerk fee | | | | |
| 74 | 05/14/2020 | Amended Complaint (adding Berkley National Ins. Co. & Starnet Ins. Co) | | | | |
| 75 | 05/14/2020 | Process issued on Capstone, Berkley National Ins. & StarNet Ins. - | | | | |
| 76 | 05/14/2020 | S/S | | | | |
| 77 | 05/14/2020 | c/s Pl's 1st Set of Discovery to Ins. Defs. Berkley National & Starnet | | | | |
| 78 | 05/21/2020 | ORDER GRANTING MOTION TO INTERVENE:  Nationwide Affinity Ins. Co. | | | | |
| 79 | 05/21/2020 | allowed to intervene | | | | |
| 80 | 05/26/2020 | Pls' Amended Notice of Deposition on May 27, 2020 on Deborah | | | | |
| 81 | 05/26/2020 | Lippert, Francis Lippert & Robb Scott | | | | |
| 82 | 05/26/2020 | Pls' Amended Ntoice of Deposition on May 28, 2020 for Linda Statler, | | | | |
| 83 | 05/26/2020 | Greg Wilson, Cody Smithg, Sammy Nutter, Samuel Oliveto & | | | | |
| 84 | 05/26/2020 | Jennifer Cotton | | | | |
| 85 | 05/26/2020 | S/S accepted service on behalf of Capstone Energy Services, LLC, | | | | |
| 86 | 05/26/2020 | Starnet Insurance Co, Berkley National Ins. on 5/20/20 | | | | |
| 87 | 05/28/2020 | Def. Micah A. McClain's Motion to Stay Proceedings | | | | |
| 88 | 05/28/2020 | Pl. Damone N. Eddy's Initial Document/Exhibit Production | | | | |
| 89 | 05/29/2020 | Def. Nicholas F. Ali's Answer to Pls' Amended Complaint & Cross-Claim | | | | |
| 90 | 05/29/2020 | Against Defs. Strike, LLC; Capstone Energy Services, LLC; Micah A. | | | | |
| 91 | 05/29/2020 | McClain; Addey L. Bennett and Ken Beck | | | | |
| 92 | 05/29/2020 | Def. Anderson Excavating, LLC's Answer to Pls' Amended Complaint | | | | |
| 93 | 05/29/2020 | (Dumire) | | | | |
| 94 | 06/05/2020 | c/s Def. Bennett's Response to Pl's 1st Set of Discovery | | | | |
| 95 | 06/05/2020 | Def. Addey L. Bennett's Answer & Affirmative Defenses to Pl's | | | | |
| 96 | 06/05/2020 | Amended Complaint | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:  PHILLIP D. GAUJOT

vs  Plaintiff:  **DAMONE N. EDDY**

Defendant:  **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 97 | 06/05/2020 | *Answer of Strike, LLC to Pls' Amended Complaint (Van Volkenburg) | | | | |
| 98 | 06/08/2020 | *Answer of Ken Bewck to Pls' Amended Complaint (Van Volkenburg) | | | | |
| 99 | 06/08/2020 | *Def Strike, LLC's Motion to Strike Photographs Contained in Pls' | | | | |
| 100 | 06/08/2020 | Amended Complaint and Incorporated Memo of Law | | | | |
| 101 | 06/08/2020 | c/s Def. Bennett's Responses to Pl Eddy's Second Set of Discovery | | | | |
| 102 | 06/08/2020 | c/s Def. Bennett's Response to Pl. Lippert's 1st Set of Discovery | | | | |
| 103 | 06/08/2020 | c/s Def. Anderson Excavating's Response to Lippert's 1st Set of | | | | |
| 104 | 06/08/2020 | Discovery | | | | |
| 105 | 06/08/2020 | c/s Def. Anderson Excavating's Response to Eddy's 1st Set of | | | | |
| 106 | 06/08/2020 | Discovery | | | | |
| 107 | 06/08/2020 | c/s Def. Ali's Responses to Pl Eddy's 1st Set of Discovery | | | | |
| 108 | 06/08/2020 | c/s Def. Ali's Responses to Pl. Lippert's 1st Set of Discovery | | | | |
| 109 | 06/08/2020 | c/s Answers & Respones of Def. Beck to Pl. Lippert's 1st Set of Disc. | | | | |
| 110 | 06/08/2020 | c/s Answers & Respones to Def. Beck to Pl. Eddy's First Set of Disc. | | | | |
| 111 | 06/08/2020 | c/s Answers/Responses of Def. Beck to Pl Eddy's Second Set of Disc. | | | | |
| 112 | 06/08/2020 | c/s Answers/Responses of Def. Strike to Pl. Lippert's 1st Set of Disc. | | | | |
| 113 | 06/08/2020 | c/s Answers, Responses & Objections of Def. Strike to Pl. Eddy's 1st | | | | |
| 114 | 06/08/2020 | Set of Discovery | | | | |
| 115 | 06/08/2020 | c/s Answers, Responses & Objections of Def. Strike to Pl Eddy's 2nd | | | | |
| 116 | 06/08/2020 | Set of of Discovery | | | | |
| 117 | 06/08/2020 | c/s Answers, Responses & Objections of Def. Strike to Pl Eddy's 3rd | | | | |
| 118 | 06/08/2020 | Set of Discovery | | | | |
| 119 | 06/12/2020 | Pl's Notice of Issuance of Civil Case Subpoena Duces Tecum-Mercury | | | | |
| 120 | 06/12/2020 | Permits and Dark Skies, LLC | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

JUDGE:   PHILLIP D. GAUJOT

Date Printed: 03/07/2022

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 121 | 06/15/2020 | *Ken Beck & Addey Bennett's Motion to Dismiss The Cross-Claim of | | | | |
| 122 | 06/15/2020 | Nicholas Ali and Incorporated Memo of Law | | | | |
| 123 | 06/15/2020 | *Answer of Strike, LLC to Cross-Claim of Nicholas F. Ali | | | | |
| 124 | 06/18/2020 | Nationwide Affinity Ins. Co's Intervening Complaint | | | | |
| 125 | 06/18/2020 | Intervening Complaint issued on Strike, LLC, Capstone Energy | | | | |
| 126 | 06/18/2020 | Services, LLC, Anderson Excavating, LLC, Micah A. McClain and | | | | |
| 127 | 06/18/2020 | Nicholas F. Ali - returned to atty for service | | | | |
| 128 | 06/25/2020 | Acceptance of Service of Process - Teresa Dumire accepted service on | | | | |
| 129 | 06/25/2020 | behalf of Anderson Excavating, LLC and Nicholas F. Ali on | | | | |
| 130 | 06/25/2020 | 6/24/20 | | | | |
| 131 | 06/26/2020 | First Response of DTE Appalachia Gathering, LLC to The April 15, | | | | |
| 132 | 06/26/2020 | 2020 Civil Case Subpoena | | | | |
| 133 | 06/26/2020 | Notice of Issuance and Service of Second Civil Case Subpoena Duces | | | | |
| 134 | 06/26/2020 | Tecum Upon DTE Appalchia Gathering, LLC | | | | |
| 135 | 06/26/2020 | Acceptance of Service of Process - Jeff Van Volkenburg accepted | | | | |
| 136 | 06/26/2020 | service on behalf of Strike, LLC on 6/26/20 | | | | |
| 137 | 06/29/2020 | Def. McClain's Notice of Issuance & Service of Subpoena Duces Tecum | | | | |
| 138 | 06/29/2020 | to Verizon | | | | |
| 139 | 06/29/2020 | Notice of Change of Address of Kay Casto & Chaney (as counsel for | | | | |
| 140 | 06/29/2020 | Defs. Ali & Anderson Excavating) | | | | |
| 141 | 07/01/2020 | c/s Notice of Issuance & Service of Subpoena Duces Tecum With | | | | |
| 142 | 07/01/2020 | Attachment | | | | |
| 143 | 07/01/2020 | Def. Nicholas F. Ali's Response to "Ken Beck and Addey Bennett's | | | | |
| 144 | 07/01/2020 | Motion to Dismiss Cross-Claim of Nicholas Ali" | | | | |

EXHIBIT F

CASE#:  **20-C-50**              Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 145 | 07/07/2020 | Pl's Notice of Deposition of July 14, 2020 of Allison M. Lippert | | | | |
| 146 | 07/08/2020 | Pls' Notice of Deposition for Dean Schulte, CIO, Strike, LLC | | | | |
| 147 | 07/09/2020 | *c/s Strike, LLC's 1st Set of Interr., Req. for Prod & Req. for Adm. | | | | |
| 148 | 07/09/2020 | to Pl. Damone N. Eddy | | | | |
| 149 | 07/09/2020 | *Def. Strike's Motion for Judgment on the Pleadings As to Pls' | | | | |
| 150 | 07/09/2020 | Claims for Punitive Damages Against Strike, LLC & Incorporated | | | | |
| 151 | 07/09/2020 | Memo of Law | | | | |
| 152 | 07/13/2020 | Def. Capstone Energy's Motion to Dismiss/Motion for Summary Judgment | | | | |
| 153 | 07/13/2020 | Def. Capstone Energy's Memo in Support of Motion to Dismiss/Motion | | | | |
| 154 | 07/13/2020 | for Summary Judgment | | | | |
| 155 | 07/14/2020 | Def. Capstone's Motion to File Under Seal and For In Camera Review | | | | |
| 156 | 07/14/2020 | of Confidential Agreement Pertaining to Def's motion to | | | | |
| 157 | 07/14/2020 | Dismiss/Motion for Summary Judgment | | | | |
| 158 | 07/17/2020 | *Answer of Strike, LLC to Pl Nationwide Affinity Ins. Co. of | | | | |
| 159 | 07/17/2020 | America's Complaint (Van Volkenburg) | | | | |
| 160 | 07/17/2020 | c/s Pl's Fourth Set of Discovery to Strike, LLC | | | | |
| 161 | 07/17/2020 | Suppl. Responses of DTE Appalachnia Gathering, LLC to The April 15, | | | | |
| 162 | 07/17/2020 | 2020 Civil Case Subpoena Duces Tecum and Response of DTE | | | | |
| 163 | 07/17/2020 | Appalachia Gathtering, LLC to The June 23, 2020 Civil Case | | | | |
| 164 | 07/17/2020 | Subpoena Duces Tecum | | | | |
| 165 | 07/24/2020 | Defs. Anderson Excavating LLC's & Nicholas F. Ali's Answer to | | | | |
| 166 | 07/24/2020 | Intervening Complaint | | | | |
| 167 | 07/24/2020 | Pl's Notice of Deposition for Patrick Reade | | | | |
| 168 | 07/27/2020 | Def. Capstone's Notice of Hearing (9/10/20 at 10 am- motion to | | | | |

EXHIBIT F

CASE#: **20-C-50**                Sub Code:                            Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

VS        Plaintiff:    **DAMONE N. EDDY**

Defendant:  **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 169 | 07/27/2020 | dismiss) | | | | |
| 170 | 07/27/2020 | Capstone's Motion to Dismiss/Motion for Summary Judgment as to | | | | |
| 171 | 07/27/2020 | Cross-Claim of Nichlas Ali | | | | |
| 172 | 07/27/2020 | Capstone's Motion to Dismiss/Motion for Summary Judgment As to | | | | |
| 173 | 07/27/2020 | Intervening Complaint of Nationwide | | | | |
| 174 | 07/29/2020 | Pls' Notice of Deposition for Brandon Reinard | | | | |
| 175 | 07/30/2020 | c/s Capstone Energuy Services' Answers & Responses to Pl's 1st Set | | | | |
| 176 | 07/30/2020 | of Discoveryt to Capstone | | | | |
| 177 | 07/31/2020 | Notice of Issuance - Civil Case Sub for Brandon Reinard | | | | |
| 178 | 07/31/2020 | *c/s First Suppl. Answers, Responses & Objections of Def. Strike, | | | | |
| 179 | 07/31/2020 | LLC to Pl's 1st Set of Discovery | | | | |
| 180 | 08/03/2020 | BEGINS FILE #4 | | | | |
| 181 | 08/03/2020 | c/s Civil Case Subpoena Duces Tecum | | | | |
| 182 | 08/13/2020 | *Answers, Responses & Objections of Def. Strike LLC to Pl's 4th Set | | | | |
| 183 | 08/13/2020 | of Discovery | | | | |
| 184 | 08/17/2020 | Def Capstone's Amended Notice of Hearing (10 am 9/10/20) | | | | |
| 185 | 08/17/2020 | Court's Notice of Telephonic Scheduling Conference (10:30 am 10/2/20) | | | | |
| 186 | 08/24/2020 | Pls' Notice of Hearing (10 am 9/10/20) | | | | |
| 187 | 08/24/2020 | Pls' Joint Motion to Amend Complaint | | | | |
| 188 | 08/25/2020 | *c/s First Suppl. Answers & Responses of Def. Beck to Pl Damone N | | | | |
| 189 | 08/25/2020 | Eddy, as Adm. of the Estate of Stephanie N. Eddy's 1st Set of | | | | |
| 190 | 08/25/2020 | Discovery | | | | |
| 191 | 08/25/2020 | *c/s First Suppl. Answers & Responses to Pl. Allison M. Lippert's | | | | |
| 192 | 08/25/2020 | 1st Set of Discovery | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:                    Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:  PHILLIP D. GAUJOT

vs          Plaintiff:     **DAMONE N. EDDY**

Defendant:     **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 193 | 08/28/2020 | Def. Berkley National Ins. Co. & Starnet Ins. Co's Motion to Dismiss | | | | |
| 194 | 08/31/2020 | Defs. Berkley National & Starnet Ins' Notice of Hearing (10 am | | | | |
| 195 | 08/31/2020 |  9/10/20-motion to dismiss) | | | | |
| 196 | 09/03/2020 | c/s Def. Addy Bennett's Supplemental Answsers to Pl's 1st Set of | | | | |
| 197 | 09/03/2020 |  Discovery Request | | | | |
| 198 | 09/08/2020 | Pls' Notice of Deposition of Addey Bennett | | | | |
| 199 | 09/08/2020 | Def. Strike, LLC's Motion for Protective Order | | | | |
| 200 | 09/08/2020 | Pls' Response to Def. Capstone's Motion to File Under Seal & For In | | | | |
| 201 | 09/08/2020 |  Camera Review of Confidential Agreement Pertinent to Def. | | | | |
| 202 | 09/08/2020 |  Capstone's Motion to Dismiss/Motion for Summary Judgment | | | | |
| 203 | 09/08/2020 | c/s Pl's Responses to Strike' LLC's 1st Set of Req. for Prod. | | | | |
| 204 | 09/08/2020 | Pl's Motion for Summary Judgment | | | | |
| 205 | 09/08/2020 | Pl's Memo of Law in Support of Motion for Summary Judgment | | | | |
| 206 | 09/10/2020 | AGREED ORDER DEEMING SECOND AMENDED COMPLAINT AS FILED: Second | | | | |
| 207 | 09/10/2020 |  Amended Complaint filed; defs have 30 d to repond | | | | |
| 208 | 09/14/2020 | Def. Addey Bennett's Disclosaure of Subpoena Phone Record Production | | | | |
| 209 | 09/14/2020 |  from AT&T | | | | |
| 210 | 09/25/2020 | Def. Addey L. Bennett's Suppl. Disclosure of Subpoena Phone Records | | | | |
| 211 | 09/25/2020 |  to Account for UTC Time | | | | |
| 212 | 09/28/2020 | Pls' Notice of Voluntary Dismissal of Berkley National Ins. Co. & | | | | |
| 213 | 09/28/2020 |  Starnet Ins. Co. | | | | |
| 214 | 10/02/2020 | Pls' Notice of Deposition of Zach Hollingshead | | | | |
| 215 | 10/06/2020 | *c/s Notice of Issuance of Civil Case Subpoena Duce Tecum to Mon Co | | | | |
| 216 | 10/06/2020 |  Sheriff's Office | | | | |

EXHIBIT F

CASE#: **20-C-50**                     Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

vs   Plaintiff:   **DAMONE N. EDDY**

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|---|---|---|---|---|---|---|
| 217 | 10/06/2020 | *c/s Notice of Issuance of Civil Case Subpoena Duces Tecum to | | | | |
| 218 | 10/06/2020 | Granville Police Dept | | | | |
| 219 | 10/05/2020 | *c/s Strike, LLC's 1st Set of Interr., Req. for Prod. & Req. for Adm. | | | | |
| 220 | 10/05/2020 | *c/s Strike, LLC's 1st Set of Interr. & Req,. for Prod. to Def. | | | | |
| 221 | 10/05/2020 | Anderson Excavating, LLC | | | | |
| 222 | 10/05/2020 | *c/s Def. Strike, LLC's 1st Set of Interr. & Req. for Prod. to | | | | |
| 223 | 10/05/2020 | Nationwide Affinity Ins. Co. of America | | | | |
| 224 | 10/06/2020 | SCHEDULING ORDER:  dates/specifics for pretrial activities | | | | |
| 225 | 10/06/2020 | established; pretrial conf 11/29/21 at 1:30 pm | | | | |
| 226 | 10/13/2020 | Capstone Energy Services, LLC, The Starwood Trust and Louis D. | | | | |
| 227 | 10/13/2020 | Ruscitto's Exchange and Redemtion Agreement filed under seal | | | | |
| 228 | 10/13/2020 | per motion filed July 14, 2020 | | | | |
| 229 | 10/15/2020 | BEGINS FILE NO. 5 | | | | |
| 230 | 10/15/2020 | Def. Anderson Excavating, LLC's Answer to Pls' Second Amended | | | | |
| 231 | 10/15/2020 | Complaint | | | | |
| 232 | 10/15/2020 | Def. Ali's Answer to Pls' 2nd Amended Complaint & Cross-Claim | | | | |
| 233 | 10/15/2020 | Against Defs. Strike, LLC, Capstone Energy Services, LLC, Micah | | | | |
| 234 | 10/15/2020 | A. McClain, Addey L. Bennett and Ken Beck | | | | |
| 235 | 10/16/2020 | *Def Strike, LLC's Joinder in Def. McClain's Motion to Stay | | | | |
| 236 | 10/16/2020 | Proceedings | | | | |
| 237 | 10/22/2020 | Subpoena executed on Granville Police Dept. by serving T. Hill on | | | | |
| 238 | 10/22/2020 | 10/19/20 - VanVolkenberg | | | | |
| 239 | 10/22/2020 | Def. Strike, LLC's Notice of Hearing (11/2/20 at 1:30 pm-motions) | | | | |
| 240 | 10/28/2020 | Pls' Response to Def. McClain's Motion to Stay Proceedings & Strik, | | | | |

EXHIBIT F

CASE#:  **20-C-50**        Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 241 | 10/28/2020 | LLC's Joinder in Def. McClain's Motion to Stay Proceedings | | | | |
| 242 | 10/29/2020 | Def McClain's Reply to Pl's Response to Def. McClain's Motion to | | | | |
| 243 | 10/29/2020 | Stay Proceedings & Strike LLC's Joinder in Def. McClain's | | | | |
| 244 | 10/29/2020 | Motion to Stay Proceeding | | | | |
| 245 | 10/30/2020 | *Defs Anderson Excavating, LLC's & Nicholas F. Ali's Response to | | | | |
| 246 | 10/30/2020 | "Def. Micah A. McClain's Reply to Pl's Response to Def. | | | | |
| 247 | 10/30/2020 | McClain's Motion to Stay Proceeding & Strike, LLC's Joinder in | | | | |
| 248 | 10/30/2020 | Def. McClain's Motion to Stay Proceedings | | | | |
| 249 | 11/05/2020 | *c/s Pl. Nationwide's Answers to Def. Strike, LLC's 1st Set of | | | | |
| 250 | 11/05/2020 | Interr. & Req. for Prod. | | | | |
| 251 | 11/06/2020 | Pls' Notice of Service of Civil Case Subpoena Ad Testificandum to | | | | |
| 252 | 11/06/2020 | Tom Smith | | | | |
| 253 | 11/09/2020 | Pl's Notice of Intent to Serve a Subpoena Duces Tecum to | | | | |
| 254 | 11/09/2020 | Representative of Estate of Stephanie N. Eddy | | | | |
| 255 | 11/16/2020 | Pls' Notice of Issuance & Service of Civil Case Subp. Duces Tecum | | | | |
| 256 | 11/16/2020 | Upon Berkley Ins. Co. | | | | |
| 257 | 11/20/2020 | Pl's Notice of Deposition of Tom Smith | | | | |
| 258 | 11/23/2020 | c/s Pl's Responses to Strike, LLC's 1st Set of Interr. & Req. for Adm | | | | |
| 259 | 11/23/2020 | Pl's Suppl. Responses to Strike LLC's 1st Set of Req. for Prod. | | | | |
| 260 | 11/23/2020 | c/s Def. Anderson Excavating's Answer & Responses to Strike LLC's | | | | |
| 261 | 11/23/2020 | 1st Set of Interr. & Req. for Prod. | | | | |
| 262 | 11/23/2020 | c/s Def.l Ali's Answers & Responses to Strike LLC's 1st Set of | | | | |
| 263 | 11/23/2020 | Interr., Req. for Prod. & Req. for Adm. | | | | |
| 264 | 11/23/2020 | Answer of Strike, LLC to Pls' Second Amended Complaint | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 265 | 11/23/2020 | Answer of Ken Beck to Pls' Second Amended Complaint | | | | |
| 266 | 11/23/2020 | Def Strike LLC's Motion to Strike Photographs Contained in Pls' 2nd | | | | |
| 267 | 11/23/2020 | Amended Complaint & Incorporated Memo of Law | | | | |
| 268 | 11/23/2020 | Ken Beck and Addey L. Bennett's Renewed Motion to Dismiss The | | | | |
| 269 | 11/23/2020 | Cross-Claim of Nicholas Ali and Incorporated Memo of Law | | | | |
| 270 | 11/23/2020 | Answer of Strike, LLC to Cross-Claim of Nicholas F. Ali | | | | |
| 271 | 12/03/2020 | Pl's Notice of Service of Civil Case Subpoena Duces Tecum | | | | |
| 272 | 12/04/2020 | Berkley National Ins. Co's Motion to Quash The Subpoena | | | | |
| 273 | 12/08/2020 | ORDER:  grants Anderson & Al's motion to strike granted regarding | | | | |
| 274 | 12/08/2020 | McClain's reply to pl's response to Def McClain's motion to | | | | |
| 275 | 12/08/2020 | stay proceedings & Strike's joinder in McClains motion to stay; | | | | |
| 276 | 12/08/2020 | original def. McClain's reply to pl's response to def McClain's | | | | |
| 277 | 12/08/2020 | motion to stay proceedings & Strike's joinder in McClaims | | | | |
| 278 | 12/08/2020 | motion to stay filed 10/20/20 be sealed | | | | |
| 279 | 12/10/2020 | Transcript of Excerpt of Proceedings at Motions Hearing 11/2/20 | | | | |
| 280 | 12/10/2020 | ORDER:  no discovery be had or permitted fro mdef. McClain until | | | | |
| 281 | 12/10/2020 | 5/1/21 or further order; denies Strike's stay | | | | |
| 282 | 12/14/2020 | Response of Smith-Grayson DOT Consulting, LLC to The Dec. 1, 2020 | | | | |
| 283 | 12/14/2020 | Civil Case Subpoena Duces Tecum/Subpoena to Produce Documents | | | | |
| 284 | 12/14/2020 | or Things for Discovery Pursuant to Rule 4009.22 | | | | |
| 285 | 12/15/2020 | Pl (Nationwide) Fact Witness Disclosure | | | | |
| 286 | 12/15/2020 | AGREED ORDER OF DISMISSAL AS TO CAPSTONE ENERGY SERVICES, LLC: | | | | |
| 287 | 12/15/2020 | dismissed with prejudice to all pl's claims against Capstone | | | | |
| 288 | 12/15/2020 | Energy Services, LLC; claims of Nationwide Affinity against | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 289 | 12/15/2020 | Capstone as well as cross-claims against Capstone dismissed | | | | |
| 290 | 12/15/2020 | with prejudice | | | | |
| 291 | 12/21/2020 | Pls' Fact Witness Disclosure | | | | |
| 292 | 12/23/2020 | ****** BEGIN FILE NO. 6 ****** | | | | |
| 293 | 12/23/2020 | Pls' Notice of Hearing (2/4/21 at 1:30 pm) | | | | |
| 294 | 12/23/2020 | Pls' Motion to Compel Critical Discovery From Strike, LLC & DTE | | | | |
| 295 | 12/23/2020 | Appalchia Gathering, LLC | | | | |
| 296 | 01/04/2021 | 1st Suppl. Response of Smith-Gryson DOT Consulting, LLC to the | | | | |
| 297 | 01/04/2021 | December 1, 2020 Civivl Case Subpoena Duces Tecum/Subpoena to | | | | |
| 298 | 01/04/2021 | Produce Documents or Things for Discovery Pursuant to Rule | | | | |
| 299 | 01/04/2021 | 4009.22 | | | | |
| 300 | 01/04/2021 | c/s Pl. Damone N. Eddy, Adm's 5th Set of Discovery to Strike, LLC | | | | |
| 301 | 01/15/2021 | *CS-Fact Witness Disclosure of Strike LLC and Ken Beck | | | | |
| 302 | 01/15/2021 | *Strike, LLC's Motion to Compel Response to The Subpoena Issued to | | | | |
| 303 | 01/15/2021 | the Sheriff of Mon Co & Incorporated Memo of Law | | | | |
| 304 | 01/19/2021 | Pls' Notice of Issuance & Service of Civil Case Subpoena Duces Tecum | | | | |
| 305 | 01/19/2021 | Upon Caterpillar, Inc | | | | |
| 306 | 01/19/2021 | Supplement to Pls' Motion to Compel Critical Discovery From Stike, | | | | |
| 307 | 01/19/2021 | LLC and DTE Appalachia Gathering, LLC | | | | |
| 308 | 01/19/2021 | c/s Preliminary Fact Witness Disclosure of Defs. Anderson | | | | |
| 309 | 01/19/2021 | Excavating, LLC and Nicholas F. Ali | | | | |
| 310 | 01/21/2021 | *Defs. Strike, LLC & Ken Beck's Notice of Hearing (2/4/21 at 1:30 pm | | | | |
| 311 | 01/21/2021 | - motion to compel) | | | | |
| 312 | 01/22/2021 | **** BEGIN FILE #7 ***** | | | | |

03-07-22;09:39AM;Circuit Clerk     ;3042917273     # 14/ 28

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

|  | Plaintiff: | **DAMONE N. EDDY** |
| vs | Defendant: | **STRIKE LLC** |

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 313 | 01/22/2021 | *Motion to Strike LLC and Non-Party DTE Appalachia Gathering LLC to | | | | |
| 314 | 01/22/2021 | Exceed Page Limitation | | | | |
| 315 | 01/25/2021 | ORDER GRANTING LEAVE FOR DTE APPALACHIA GATHERING, LLC AND STRIKE, | | | | |
| 316 | 01/25/2021 | LLC TO EXCEED PAGE LIMITATIONS OF TCR 22.01:  motion granted | | | | |
| 317 | 01/25/2021 | S/S accepted service on behalf of Caterpillar Inc of Subpoena on | | | | |
| 318 | 01/25/2021 | 1/21/21 | | | | |
| 319 | 01/26/2021 | *Def. Strike, LLC's Notice of Hearing (1:30 pm 2/4/21) | | | | |
| 320 | 01/26/2021 | *Def Strike LLC's Second Motion to Protective Order | | | | |
| 321 | 01/28/2021 | Pls' Motion to Exceed Page Limitation for Pls' Motion to Compel | | | | |
| 322 | 01/28/2021 | Against Strike, LLC and DTE Appalachia Gathering LLC | | | | |
| 323 | 01/29/2021 | Response of DTE Appalachia Gatherin, LLC in Opposition to Pls' | | | | |
| 324 | 01/29/2021 | Motion to Compel, and Request for Protective Order | | | | |
| 325 | 02/01/2021 | Response of Strike, LLC in Opposition to Pls' Motion to Compel & | | | | |
| 326 | 02/01/2021 | Request for Protective Order | | | | |
| 327 | 02/01/2021 | Pl's Notice of Intent to Serve a Subpoena Duces Tecum on Adm. or | | | | |
| 328 | 02/01/2021 | Personal Representative of Estate of Stephanie N. Eddy | | | | |
| 329 | 02/01/2021 | Pls' Notice of Deposition for William Perrigin | | | | |
| 330 | 02/01/2021 | Pls' Response to Strike's Motion to Compel The Mon Co Sheriff's | | | | |
| 331 | 02/01/2021 | Office's Respnses to Strike, LLC's Subpoena | | | | |
| 332 | 02/02/2021 | Pls' Motion to Exceed Page Limitation for Pls' Response to Berkly's | | | | |
| 333 | 02/02/2021 | Motion to Quash | | | | |
| 334 | 02/02/2021 | ****** BEGIN FILE #8 ****** | | | | |
| 335 | 02/02/2021 | Pls' Response to Berkley National Ins. Co's Motion to Quash the | | | | |
| 336 | 02/02/2021 | Subpoena | | | | |

EXHIBIT F

CASE#: **20-C-50**    Sub Code:    Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:    SAMUEL D. MADIA

Def Attorney:    TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 337 | 02/02/2021 | Pl Eddy's Response to Def. Strike, LLC's Second Motion for | | | | |
| 338 | 02/02/2021 | Protective Order | | | | |
| 339 | 02/02/2021 | *Strike, LLC's Reply Brief in Further Support of Its Second Motion | | | | |
| 340 | 02/02/2021 | for Protective Order | | | | |
| 341 | 02/02/2021 | *Pl Nationwide Affinity Ins. Co of America's Joinder in Pls' Motion | | | | |
| 342 | 02/02/2021 | to Compel Critical Discovery From Strike, LLC & DTE Appalachia | | | | |
| 343 | 02/02/2021 | Gathering, LLC & Pls' Response to Berkley's Motion to Quash | | | | |
| 344 | 02/02/2021 | *Pls Nationwide Affinity Ins. Co. of America aso Deborah & Francis | | | | |
| 345 | 02/02/2021 | Lippert's Motion to Exceed Page Limitation for Pls' Motion to | | | | |
| 346 | 02/02/2021 | Compel  Critical Discovery From Strike, LLC & DTE Appalachia | | | | |
| 347 | 02/02/2021 | Gathering, LLC and Response to Berkley's Motion to Quash | | | | |
| 348 | 02/03/2021 | Defs. Anderson Excavating LLC's aznd Nicholas F. Ali's Response to | | | | |
| 349 | 02/03/2021 | "Strike, LLC's Motion to Compel Response to the Subpoena Issued | | | | |
| 350 | 02/03/2021 | to the Sheriff of Monongalia County and Incorporated Memo of Law | | | | |
| 351 | 02/03/2021 | ORDER GRANTING LEAVING FOR PLAINTIFFS TO EXCEED PAGE LIMITATIONS OF | | | | |
| 352 | 02/03/2021 | TCR RULE 22.01:  pls may exceed the page limitations for their | | | | |
| 353 | 02/03/2021 | response to Berkley Nations Ins. Co's Motion to Quash the | | | | |
| 354 | 02/03/2021 | Subpoena | | | | |
| 355 | 02/04/2021 | ORDER GRANTING LEAVE FOR PLAINTIFF NATIONWIDE AFFINITY INSURANCE | | | | |
| 356 | 02/04/2021 | COMPANY OF AMERICA TO EXCEED PAGE LIMITATIONS OF TCR 22.01:  pl | | | | |
| 357 | 02/04/2021 | may exceed page limitations for their response to pl's motion | | | | |
| 358 | 02/04/2021 | to compe critical discovery from Strike and DTE and Response to | | | | |
| 359 | 02/04/2021 | Beckeley's motion to quash subpoena | | | | |
| 360 | 02/08/2021 | Pl's Notice of Service of Civil Case Subpoena Duces Tecum of Kenneth | | | | |

EXHIBIT F

CASE#: **20-C-50**        Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro.Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 361 | 02/08/2021 | E. Taylor | | | | |
| 362 | 02/10/2021 | Trancript of Microsoft Teams/Remote Proceedings Held Feb 4, 2021 | | | | |
| 363 | 02/12/2021 | *Notice of Response of the Mon Co Sheriff's Dept to the 10/6/20 | | | | |
| 364 | 02/12/2021 | Civil Case Subpoena Duces Tecum/Subpoena to Produce Documents | | | | |
| 365 | 02/12/2021 | or Things For Discovery | | | | |
| 366 | 02/22/2021 | Pl's Notice of Service of Civil Case Subpoena Duces Tecum to Hunter | | | | |
| 367 | 02/22/2021 | Contracting | | | | |
| 368 | 02/26/2021 | **** BEGIN FILE #9***** | | | | |
| 369 | 02/26/2021 | Pl's Notice of Service of Civil Case Subpoena ad Testificandum for | | | | |
| 370 | 02/26/2021 | Katie Dorr | | | | |
| 371 | 02/26/2021 | Pl's Notice of Service of Civil Case Subpoena ad Testificandum for | | | | |
| 372 | 02/26/2021 | Matt Casper | | | | |
| 373 | 02/26/2021 | Pl's Notice of Deposition for Katie Dorr | | | | |
| 374 | 02/26/2021 | Pl's Notice of Deposition for Matt Casper | | | | |
| 375 | 03/01/2021 | Pls' Notice of Deposition for Wm. Perrigin | | | | |
| 376 | 03/01/2021 | Pl's Notice of Deposition of Addey L. Bennett | | | | |
| 377 | 03/01/2021 | Pl's Notice of Deposition of Mike West | | | | |
| 378 | 03/02/2021 | Transcript of Motions Hearing on 2/22/21 (microsoft teams) | | | | |
| 379 | 03/02/2021 | *Def. Strike LLC's Motion & Incorporated Memo to Stay Proceedings & | | | | |
| 380 | 03/02/2021 | Request for Expedited Relief | | | | |
| 381 | 03/08/2021 | Def McClain's Notice of Filing of Indictment against Micah McClain | | | | |
| 382 | 03/10/2021 | Def. McClain's Motion to Extend Stay of Proceedings | | | | |
| 383 | 03/15/2021 | c/s Def. Anderson Excavating's 1st Suppl. Responses to Pl's 1st Set | | | | |
| 384 | 03/15/2021 | of Discovery | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 385 | 03/15/2021 | c/s Def. Anderson Excavating's 1st Suppl. Responses to Lippert's 1st | | | | |
| 386 | 03/15/2021 | Set of Discovery | | | | |
| 387 | 03/22/2021 | Def. McClain's Notice of Filing of Scheduling Order in 21-F-76 and | | | | |
| 388 | 03/22/2021 | Def's Omnibus Pretrial Morions in 21-F-76 | | | | |
| 389 | 03/29/2021 | ORDER RE:  PLAINTIFFS' MOTION TO COMPEL CRITICAL DISCOVERY FROM | | | | |
| 390 | 03/29/2021 | STRIKE, LLC AND DTE APPALACHIA GATHERING, LLC:  see order for | | | | |
| 391 | 03/29/2021 | specifics | | | | |
| 392 | 03/29/2021 | ORDER FROM FEBRUARY 22, 2021 HEARING RE:  DEFENDANT STRIKE, LLC'S | | | | |
| 393 | 03/29/2021 | SECOND MOTION FOR PROTECTIVE ORDER:  see order for specifics | | | | |
| 394 | 03/29/2021 | ORDER FROM FEBRUARY 4, 2021 HEARING RE:  STRIKE LLC'S MOTION TO | | | | |
| 395 | 03/29/2021 | COMPEL RESPONSE TO THE SUBPOENA ISSUED TO THE SHERIFF OF | | | | |
| 396 | 03/29/2021 | MONONGALIA COUNTY:  motion moot | | | | |
| 397 | 03/31/2021 | ORDER SETTING HEARING:  motions hearing 2:30 pm 4/15/21 | | | | |
| 398 | 04/05/2021 | Notice of Service of Civil Case Subpoena Duces Tecum Upon Dark | | | | |
| 399 | 04/05/2021 | Skies, LLC, dba Mercury Permits | | | | |
| 400 | 04/13/2021 | Pls Response to Def (Strike) Motion and Incorporated Memo to stay | | | | |
| 401 | 04/13/2021 | proceedings and Pl's Response to Def (McClain's) Motion to | | | | |
| 402 | 04/13/2021 | Extend Stay of Proceeding w/exhibits | | | | |
| 403 | 04/14/2021 | c/s Def. McClain's Notice of Filing of various pleadings in the | | | | |
| 404 | 04/14/2021 | Criminal Case 21-F-76 | | | | |
| 405 | 04/14/2021 | *c/s DTE Appalachia Gathering's 2nd Suppl. Response to Pls' 4/15/20 | | | | |
| 406 | 04/14/2021 | Sub. & Suppl. Response to Pls' 6/23/20 Subpoena | | | | |
| 407 | 04/21/2021 | Response of Caterpillar, Inc. to The January 24, 2021 Civil Case | | | | |
| 408 | 04/21/2021 | Subpoena Duces Tecum | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

vs   Plaintiff:   **DAMONE N. EDDY**

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 409 | 04/23/2021 | Pls' Notice of Hearing (1 pm 5/10/21) | | | | |
| 410 | 04/23/2021 | Pls' Motion to Enforce Court Order | | | | |
| 411 | 04/26/2021 | *c/s Answers, Responses & Objectins of Def Strike LLC to Pl's 5th | | | | |
| 412 | 04/26/2021 | Set of Discovery | | | | |
| 413 | 04/29/2021 | *****BEGIN No. 10 ***** | | | | |
| 414 | 04/29/2021 | Pl's Amended Notice of Hearing (1 pm 5/10/21) | | | | |
| 415 | 04/29/2021 | Pl's Motion to Determine the Sufficiency of Strike, LLC's | | | | |
| 416 | 04/29/2021 | Responses/Objections to Request for Admission Nos. 1, 2, and 3 | | | | |
| 417 | 04/29/2021 | of Pl Eddy's 5th Set of Discovery | | | | |
| 418 | 05/05/2021 | Supplement to Pl Motion to Enforce Court Order and Pl Motion to | | | | |
| 419 | 05/05/2021 | Determine the Sufficiency of Strike, LLC's Responses/Objections | | | | |
| 420 | 05/05/2021 | to Requests for Admission Nos. 1, 2, and 3 of Pl Eddy's Fifth | | | | |
| 421 | 05/05/2021 | set of Discovery | | | | |
| 422 | 05/05/2021 | *Response of Pl's Motion to Determine the Sufficiency of Strike, | | | | |
| 423 | 05/05/2021 | LCC's Responses/Objections to Requests for Admission No. 1, 2, | | | | |
| 424 | 05/05/2021 | and 3 of Pl. Eddy's 5th Set of Discovery | | | | |
| 425 | 05/05/2021 | *Strike, LLC's Response to Pl's Motion To Enforce Order & Req. for | | | | |
| 426 | 05/05/2021 | Entry of Order Quashing Pl's Subpoena | | | | |
| 427 | 05/06/2021 | *Response of Strike LLC & Rule 12(f) Motion to Strike Pl's | | | | |
| 428 | 05/06/2021 | Supplemental Brief Filed in Advance of May 10, 2021 Hearing | | | | |
| 429 | 05/10/2021 | Transcript of Motions Hearing on 5/15/21 | | | | |
| 430 | 05/13/2021 | Pls' Notice of Hearing (6/3/21 at 9 am-motion to compromise/settle) | | | | |
| 431 | 05/14/2021 | Pl's Motion to Appoint Guardian Ad Litem | | | | |
| 432 | 05/14/2021 | *c/s DTE Apppalachia's 3rd Suppl. Response to Pls' 4/15/20 Subpoena & | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

Date Opened: 02/18/2020
Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:    SAMUEL D. MADIA

Def Attorney:    TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 433 | 05/04/2021 | 2nd Suppl. Response to Pls' 6/23/20 Subp. | | | | |
| 434 | 05/14/2021 | *c/s Suppl. Response & Objections of Def. Strike, LLC to Pl Damone | | | | |
| 435 | 05/14/2021 | N. Eddy As Adm. of the Estate of Stephanie N. Eddy's 3rd Set of | | | | |
| 436 | 05/14/2021 | Discovery | | | | |
| 437 | 05/14/2021 | *c/s Suppl. Response of Def. Strike, LLC to Pl. Damone N Eddy, as | | | | |
| 438 | 05/14/2021 | Adm. of the Estate of Stephanie N. Eddy's 5th Set of Discovery | | | | |
| 439 | 05/17/2021 | *c/s First Supplemental Responses of Def. Strike, LLC to Pl. | | | | |
| 440 | 05/17/2021 | Lippert's 1st Set of Discovery | | | | |
| 441 | 05/17/2021 | ORDER APPOINTING GUARDIAN AD LITEM:  pl's motion for appointment of | | | | |
| 442 | 05/17/2021 | GAL granted; Monica Haddad appointed GAL for Dawson Eddy & | | | | |
| 443 | 05/17/2021 | Ailynn Orteza appointed GAL for Averie Eddy | | | | |
| 444 | 05/25/2021 | Pl's Motion to File Under Seal The Previously Filed Pl's Eddy's | | | | |
| 445 | 05/25/2021 | Verified Motion to Compromise and Settle As Claim and Any | | | | |
| 446 | 05/25/2021 | Pleading Related Thereto | | | | |
| 447 | 05/28/2021 | Transcript of Motions Hearing on 5/10/21 | | | | |
| 448 | 05/28/2021 | *c/s 2nd Suppl. Answers, Responses & Objections of Def. Strike LLC | | | | |
| 449 | 05/28/2021 | to Pl. Damone E. Eddy, Adm's 1st Set of Discovery | | | | |
| 450 | 05/28/2021 | *c/s 2nd Suppl. Answers, Responses & Objections of Def. Strike, LLC | | | | |
| 451 | 05/28/2021 | to Pl's Third Set of Discovery | | | | |
| 452 | 06/01/2021 | ORDER GRANTING IN PART AND DENYING IN PART BERKLEY NATIONAL | | | | |
| 453 | 06/01/2021 | INSURANCE COMPANY'S MOTION TO QUASH PLAINTIFF EDDY'S THIRD | | | | |
| 454 | 06/01/2021 | PARTY SUBPOENA:  see order for specifics | | | | |
| 455 | 06/01/2021 | ORDER GRANTING MOTION TO FILE UNDER SEAL:  motion granted; Petition | | | | |
| 456 | 06/01/2021 | be filed under seal | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:     PHILLIP D. GAUJOT

vs

Plaintiff:     **DAMONE N. EDDY**

Defendant:     **STRIKE LLC**

Pro Attorney: SAMUEL D. MADIA

Def Attorney: TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 457 | 06/03/2021 | Answer of GAL to Pl's Motion to Compromise And Settle A Claim (Sealed) | | | | |
| 458 | 06/03/2021 | Verified Motion to Compromise and Settle a Claim | | | | |
| 459 | 06/03/2021 | Response of GAL to Pl's Motion to Compromise & Settle Claim (Sealed) | | | | |
| 460 | 06/07/2021 | Response of Ohio Machinery Co., dba to Jan 28, 2021 Civil Case | | | | |
| 461 | 06/07/2021 | Subpoena Duces Tecum | | | | |
| 462 | 06/09/2021 | ORDER SETTING HEARING:  hrg on competing orders at 10:30 am 7/19/21 | | | | |
| 463 | 06/11/2021 | Pls' Notice of Issuance & Servioce of Civil Case Ad Testificandudm & | | | | |
| 464 | 06/11/2021 | Duces Tecum Issued to Gold, Khourey and Turak | | | | |
| 465 | 06/11/2021 | Damone Eddy's Notice of 30(b)(7) Deposition of Gold, Khourey and Truak | | | | |
| 466 | 06/22/2021 | Verified Motion to Compromise & Settle a Claim Pursuant to WV Code | | | | |
| 467 | 06/22/2021 | 44-10-4 et seq & WV Code 55-7-5 et seq (filed under seal) | | | | |
| 468 | 06/22/2021 | ORDER GRANTING PLAINTIFF EDDY'S VERIFIED MOTION TO COMPROMISE AND | | | | |
| 469 | 06/22/2021 | SETTLE A CLAIM PURSUANT TO WV CODE 44-10-14 ET SEQ AND WV CODE | | | | |
| 470 | 06/22/2021 | 55-7-5 ET SEQ:  *(SEALED)*   SOB 2/84 | | | | |
| 471 | 06/23/2021 | *c/s Def. Beck's First et of Combined Written Discovery to Pl. Lippert | | | | |
| 472 | 06/28/2021 | *Notice of Appearance (Van Volkenburg for Strike LLC, Ken Beck & | | | | |
| 473 | 06/28/2021 | Addey L. Bennett) | | | | |
| 474 | 06/28/2021 | c/s Def. Ken Beck's First Set Of Combined Discovery to Pl. Damone N. | | | | |
| 475 | 06/28/2021 | Eddy, in his capacity as Adm. and Personal Representative of | | | | |
| 476 | 06/28/2021 | the Estate of Stephanie N. Eddy | | | | |
| 477 | 07/12/2021 | Response of Gold, Khorey & Turak to June 8, 2021 Civil Case Subpoena | | | | |
| 478 | 07/12/2021 | Duces Tecum | | | | |
| 479 | 07/15/2021 | Bench Memo Regarding Competing Order Submitted to the Court | | | | |
| 480 | 07/15/2021 | Regarding Berkley's Motion to Quash Pl's Thire Party Subpoena | | | | |

03-07-22;09:39AM;Circuit Clerk ;3042917273 # 21/ 28

EXHIBIT F

CASE#: **20-C-50**　　　　Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:　PHILLIP D. GAUJOT

Plaintiff:　**DAMONE N. EDDY**

vs

Defendant:　**STRIKE LLC**

Pro Attorney:　SAMUEL D. MADIA

Def Attorney:　TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 481 | 07/16/2021 | Def's Motion for Relief From Protective Order | | | | |
| 482 | 07/19/2021 | Joint Motion to Vacate Scheduling Order | | | | |
| 483 | 07/19/2021 | Bench Memo Regarding Competing Orders Granting in Part and Denying | | | | |
| 484 | 07/19/2021 | in Part Berkley National Ins Co's Motion to Quash Pl. Eddy's | | | | |
| 485 | 07/19/2021 | Third Party Subpoena | | | | |
| 486 | 07/19/2021 | Defs. Anderson Excavating LLC and Nioholas F. Ali's Response to Def. | | | | |
| 487 | 07/19/2021 | McClain's Motion for Relief From Protective Order | | | | |
| 488 | 07/20/2021 | Transcript of Motions Hearing on 6/3/21 | | | | |
| 489 | 07/23/2021 | AGREED ORDER GRANTING MOTION TO VACATE THE SCHEDULING ORDER:  grants | | | | |
| 490 | 07/23/2021 | joint motion; all deadlines/dates in 10/6/20 scheduling order | | | | |
| 491 | 07/23/2021 | vacated; scheduling conf-9:30 am 8/19/21 | | | | |
| 492 | 07/27/2021 | Def (McClain) Motion for Relief from Order | | | | |
| 493 | 07/27/2021 | Def (McClain) Supplement to Def's Motion for Relief from PO | | | | |
| 494 | 07/28/2021 | *Strike Defs' Motion for Judgment on the Pleadings, Or, | | | | |
| 495 | 07/28/2021 | Alternatively, Motion to Certify Questions | | | | |
| 496 | 07/28/2021 | *Strike, LLC's 2nd Set of Req. for Prod. Directed to Def. Nicholas Alt | | | | |
| 497 | 07/29/2021 | c/s Pl. Lippert's Response to Req. for Adm. Contained in Def Beck's | | | | |
| 498 | 07/29/2021 | 1st Set of Combined Written Discovery | | | | |
| 499 | 07/29/2021 | ***** BEGIN FILE # 11 ****** | | | | |
| 500 | 07/29/2021 | Notice of Appearance (Eric Hayhurst for Nicholas Ali) | | | | |
| 501 | 07/29/2021 | *Defs Anderson Excavating LLC & Nicholas F. Ali's Response to Def. | | | | |
| 502 | 07/29/2021 | McClain's Motion for Relief From Order | | | | |
| 503 | 07/29/2021 | *Defs Anderson Excavating LLC & Nicholas F. Ali's Response to Def. | | | | |
| 504 | 07/29/2021 | McClain's Suppl. Motion for Relief From Protective Order | | | | |

03-07-22;09:39AM;Circuit Clerk

;304281727З

# 22/ 28

EXHIBIT F

CASE#: **20-C-50**    Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 505 | 08/02/2021 | Damone Eddy & Allison Lippert's Response to Def. McClain's Motion | | | | |
| 506 | 08/02/2021 | for Relief From Protective Order & Motion for Relief From Order | | | | |
| 507 | 08/02/2021 | c/s Pl's Notice of Mediation | | | | |
| 508 | 08/11/2021 | Proposed Order Permitting Berkley Ins. To File Documents Under Seal | | | | |
| 509 | 08/11/2021 | For In Camera Review | | | | |
| 510 | 08/11/2021 | Proposed Order Vacating Prior Order of 6/1/20 & Entering Revised | | | | |
| 511 | 08/11/2021 | Order Regarding Berkley National Ins. Co.'s Motioin to Quash | | | | |
| 512 | 08/11/2021 | Pl. Eddy's Third Party Subpoena Duces Tecum | | | | |
| 513 | 08/19/2021 | Court's Notice of Virtual Hearing (2 pm 8/23/21) | | | | |
| 514 | 08/18/2021 | ORDER PERMITTING BERKLEY INSURANCE TO FILE DOCUMENT UNDER SEAL FOR | | | | |
| 515 | 08/18/2021 | IN CAMERA REVIEW:  documents responsive to this specific | | | | |
| 516 | 08/18/2021 | request be produced under seal | | | | |
| 517 | 08/18/2021 | ORDER VACATING PRIOR ORDER OF JUNE 1, 2020 AND ENTERING REVISED | | | | |
| 518 | 08/18/2021 | ORDER REGARDING BERKLEY NATIONAL INSURANCE COMPANY'S MOTION TO | | | | |
| 519 | 08/18/2021 | QUASH PLAINTIFF EDDY'S THIRD PARTY SUBPOENA DUCES TECUM: | | | | |
| 520 | 08/18/2021 | granted in part and denied in part (see order) | | | | |
| 521 | 08/23/2021 | AMENDED SCHEDULING ORDER:  dates/specifics for pretrial activities | | | | |
| 522 | 08/23/2021 | established; pretrial conf. 6/27/22 at 1 pm | | | | |
| 523 | 08/23/2021 | Damone Eddy's Response to Defs. Strike, LLC, Ken Beck and Addey L. | | | | |
| 524 | 08/23/2021 | Bennett's Objections to the Proposed Order Dismissing Anderson | | | | |
| 525 | 08/23/2021 | Excavating, LLC and Nicholas F. Ali as Defs. | | | | |
| 526 | 08/23/2021 | ORDER DISMISSING DEFENDANTS ANDERSON EXCAVATING, LLC AND NICHOLAS F. | | | | |
| 527 | 08/23/2021 | ALI:  all claims by pls against Nationwid e Affinity Ins. Co. | | | | |
| 528 | 08/23/2021 | of Amer. against defs. Anderson Excavating LLC and Nicholas F. | | | | |

EXHIBIT F

CASE#:  **20-C-50**           Sub Code:

Date Opened:  02/18/2020

Date Printed:  03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 529 | 08/23/2021 | Ali dismissed with prejudice | | | | |
| 530 | 08/24/2021 | Berkley National Ins. Co's Privilege Log (filed under seal per | | | | |
| 531 | 08/24/2021 | 8/18/21 order) | | | | |
| 532 | 08/24/2021 | Third Party Subpoena Response From Berkley National Inc. Co. (filed | | | | |
| 533 | 08/24/2021 | under seal) | | | | |
| 534 | 08/31/2021 | Transcript of Motions Hearing on 8/2/21 | | | | |
| 535 | 09/20/2021 | c/s Cross-Claim Pl. Ali's Responses to Strike's 2nd Set of Req for | | | | |
| 536 | 09/20/2021 | Prod | | | | |
| 537 | 10/06/2021 | Def. Micah A. McClain's Motion to Join Motion for Judgment on the | | | | |
| 538 | 10/06/2021 | Pleadings, Or, Alternatively, Motion to Certify Questions Filed | | | | |
| 539 | 10/06/2021 | by Strike, LLC and Addey L. Bennett | | | | |
| 540 | 10/08/2021 | *CS-Strike, LLC's Third Set of Written Discovery Requests directed | | | | |
| 541 | 10/08/2021 | to Cross-Claim Pl. Nicholas F. Ali | | | | |
| 542 | 10/12/2021 | Defs' Notice of Hearing (10:30 am 11/2/21 - motion for judgment) | | | | |
| 543 | 10/12/2021 | Def. Micah McClain's Objection to Proposed Order | | | | |
| 544 | 10/12/2021 | c/s Pl's Response to Def. Beck's First Set of Combined Discovery | | | | |
| 545 | 10/13/2021 | *Strike, LLC, Ken Beck and Addey Bennett's Motion to Dismiss the | | | | |
| 546 | 10/13/2021 | Joint Complaint of Damone N. Eddy, in his capacity as the Adm. | | | | |
| 547 | 10/13/2021 | & Personal Representative of the Estate of Stephanie N. Eddy and | | | | |
| 548 | 10/13/2021 | Allison Lippert | | | | |
| 549 | 10/13/2021 | *Notice of Request For Briefing Schedule Regarding Strike, Beck & | | | | |
| 550 | 10/13/2021 | Bennett's Motion to Dismiss (requesting to be set at 11/2/21 hrg) | | | | |
| 551 | 10/14/2021 | c/s Def. Beck's 2nd Set of Combined Discovery to Pl. Eddy, in his | | | | |
| 552 | 10/14/2021 | capacity as Adm & Personbal Representative of the Estate of | | | | |

EXHIBIT F

CASE#:  **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:    **DAMONE N. EDDY**

vs

Defendant:    **STRIKE LLC**

Pro Attorney:    SAMUEL D. MADIA

Def Attorney:    TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 553 | 10/14/2021 | Stephanie N. Eddy | | | | |
| 554 | 10/18/2021 | Additional fee | | | | |
| 555 | 10/21/2021 | *Defs' Renewed Notice of Issuance of Civil Case Subpoena Duces Tecum | | | | |
| 556 | 10/25/2021 | Notice of Filing:  in Support of Def. McClain's Motion to Join | | | | |
| 557 | 10/25/2021 | Motion for Judgment on the Pleadings, or, Alternatively, Motion | | | | |
| 558 | 10/25/2021 | to Certify Question Filed by Strike, LLC and Addey L Bennett: | | | | |
| 559 | 10/25/2021 | Def's Motion to Certify Question; State's Response in | | | | |
| 560 | 10/25/2021 | Opposition to Def's Motion to Certify Question; Def's Reply to | | | | |
| 561 | 10/25/2021 | State's Response in Opposition to Def's Motion to Certifify | | | | |
| 562 | 10/25/2021 | Question and Order of Certification | | | | |
| 563 | 10/26/2021 | *Defs. Strike, Beck & Bennett's Notice of Hearing (1:30 pm 12/16/21 | | | | |
| 564 | 10/26/2021 | - motions) | | | | |
| 565 | 10/27/2021 | *Proposed Briefing Schedule for Motion to Dismiss Filed by Strike, | | | | |
| 566 | 10/27/2021 | LLC, Ken Bech and Addey Bennett | | | | |
| 567 | 10/27/2021 | ORDER DENYING PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF | | | | |
| 568 | 10/27/2021 | STRIKE, LLC'S RESPONSE/OBJECTIONS TO REQUESTS FOR ADMISSION 1, | | | | |
| 569 | 10/27/2021 | 2, AND 3 OF PLAINTIFF EDDY'S FIFTH SET OF DISCOVERY:  motion | | | | |
| 570 | 10/27/2021 | denied | | | | |
| 571 | 10/29/2021 | Def. McClain's Reply to Pls' Response to Defs Strike, LLC, Micah A. | | | | |
| 572 | 10/29/2021 | McClain and Addey L. Bennett's Motion for Judgment on the | | | | |
| 573 | 10/29/2021 | Pleadings, Or, Alternatively, Motion to Certify Questions | | | | |
| 574 | 10/29/2021 | Def. McClain's Motion to Join Strike, LLC, Ken Beck and Addey | | | | |
| 575 | 10/29/2021 | Bennett's Motion to Dismiss The Joint Complaint of Damone N. | | | | |
| 576 | 10/29/2021 | Eddy, In His Capacity as the Adm. & Personal Representative of | | | | |

EXHIBIT F

CASE#: **20-C-50**                    Sub Code:                    Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

vs    Plaintiff:    **DAMONE N. EDDY**

Defendant:    **STRIKE LLC**

Pro Attorney:    SAMUEL D. MADIA

Def Attorney:    TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 577 | 10/29/2021 | the Estate of Stephanie N. Eddy and Allison Lippert | | | | |
| 578 | 10/29/2021 | *c/s Strike, LLC & Bennett's Reply Brief in Further Support of | | | | |
| 579 | 10/29/2021 | Motion to Certify Questions to the WV Supreme Court of Appeals | | | | |
| 580 | 10/29/2021 | *Strike LLC & Bennett's Reply Brief in Further Support of Motion to | | | | |
| 581 | 10/29/2021 | Certify Questions to the WV Supreme Court of Appeals | | | | |
| 582 | 11/01/2021 | Pl's Response to Defs Strike, LLC, Micah A. McClain and Addey L. | | | | |
| 583 | 11/01/2021 | Bennett's Motion for Judgment on the Pleadings, Or, | | | | |
| 584 | 11/01/2021 | Alternatively, Motion to Certify Questions | | | | |
| 585 | 11/01/2021 | Def. McClain's Notice of Filing of Amended Order of Certification | | | | |
| 586 | 11/01/2021 | Correcting Filing Date of Motio to Certify Question | | | | |
| 587 | 11/03/2021 | Strike, LLC's Motion to Permit Reopening of Deposition of Nicholas | | | | |
| 588 | 11/03/2021 | F. Ali (under seal) | | | | |
| 589 | 11/08/2021 | Pls' Notice of Deposition for Todd D. Gibson PE | | | | |
| 590 | 11/08/2021 | *c/s Notice of Depositions of Monongalia County Sheriff's Dept Law | | | | |
| 591 | 11/08/2021 | Enforcement Personnel | | | | |
| 592 | 11/09/2021 | ORDER OF CERTIFICATION:  (see order) | | | | |
| 593 | 11/12/2021 | c/s Cross-Claim Pl. Nicholas F. Ali's Responses to Strike, LLC's | | | | |
| 594 | 11/12/2021 | Third Set of Written Discovery Requests Directed to Cross-Claim | | | | |
| 595 | 11/12/2021 | Pl. Nicholas F. Ali | | | | |
| 596 | 11/15/2021 | *Def's Strike, Beck & Bennett's Memo in Support of Motion to Dismiss | | | | |
| 597 | 11/15/2021 | Pls' Joint Complaint | | | | |
| 598 | 11/16/2021 | *Defs. Strike, Beck & Bennett's Amended Notice of Heareing (1:30 pm | | | | |
| 599 | 11/16/2021 | on 12/16/21) | | | | |
| 600 | 11/17/2021 | *Supplemental Brief to Strike, LLC's September 2, 2020 Motion for | | | | |

EXHIBIT F

CASE#: **20-C-50**          Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:   PHILLIP D. GAUJOT

vs   Plaintiff:   **DAMONE N. EDDY**

Defendant:   **STRIKE LLC**

Pro Attorney:   SAMUEL D. MADIA

Def Attorney:   TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 601 | 11/17/2021 | Protective Order | | | | |
| 602 | 11/18/2021 | Protocol for Strike, LLC's E-Mail Search and Production | | | | |
| 603 | 11/18/2021 | c/s Pl. Damone N. Eddy, in His Capacity as the Adm. & Personal | | | | |
| 604 | 11/18/2021 | Representative of The Estate of Stephanie N. Eddy Responses to | | | | |
| 605 | 11/18/2021 | Def. Beck's 2nd Set of Combined Discovery | | | | |
| 606 | 11/18/2021 | Def. McClain's Joinder in Memo in Support of Motion to Dismiss Pls' | | | | |
| 607 | 11/18/2021 | Joint Complaint | | | | |
| 608 | 11/19/2021 | Supplemental Brief to Strike, LLC's Sept. 2, 2020 Motion for | | | | |
| 609 | 11/19/2021 | Protective Order | | | | |
| 610 | 12/01/2021 | **** BEGIN FILE 12 ***** | | | | |
| 611 | 12/01/2021 | Pl's Amended Notice of Deposition for Todd D. Gibson PE | | | | |
| 612 | 12/02/2021 | Pls' Motion to Exceed Page Limitation For Pls' Response to Def's | | | | |
| 613 | 12/02/2021 | Motion to Dismiss | | | | |
| 614 | 12/02/2021 | ORDER GRANTING LEAVE FOR PLAINTIFFS TO EXCEED THE PAGE LIMITATIONS | | | | |
| 615 | 12/02/2021 | OF TCR 22.01 FOR PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO | | | | |
| 616 | 12/02/2021 | DISMISS:  motion granted | | | | |
| 617 | 12/06/2021 | Objections of Strike, LLC to Pl. Eddy's Proposed Order Re: | | | | |
| 618 | 12/06/2021 | Plaintiffs' Motion to Enforce to Enforce Court Order | | | | |
| 619 | 12/06/2021 | ORDER RE:  PLAINTIFFS' MOTION TO ENFORCE COURT ORDER:  pls' motion | | | | |
| 620 | 12/06/2021 | to enforce court order; within 15 d  Strike notify court & | | | | |
| 621 | 12/06/2021 | parties if they will appeal; pl. retrieve thumb drives | | | | |
| 622 | 12/06/2021 | containing documents produced by Mercury after passage of 15 d | | | | |
| 623 | 12/06/2021 | & Strike has not  notified court that it intends to appeal; pl. | | | | |
| 624 | 12/06/2021 | provide parties of documents from thumb drives containing | | | | |

EXHIBIT F

CASE#:  **20-C-50**                    Sub Code:

Date Opened: 02/18/2020

Date Printed: 03/07/2022

JUDGE:    PHILLIP D. GAUJOT

Plaintiff:   **DAMONE N. EDDY**

vs

Defendant:   **STRIKE LLC**

Pro Attorney:  SAMUEL D. MADIA

Def Attorney:  TERESA DUMIRE

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 625 | 12/06/2021 | Mercury's records from SDT; | | | | |
| 626 | 12/08/2021 | Notice of Suggestion of Bankruptcy & Automatice Stay of Proceedings | | | | |
| 627 | 12/08/2021 | in re:  Atrike, LLC | | | | |
| 628 | 12/13/2021 | ORDER CONTINUING ALL CURRENTLY SCHEDULED HEARINGS AND DEADLINES: so | | | | |
| 629 | 12/13/2021 | ordered & matter continued indefinitely pending action by | | | | |
| 630 | 12/13/2021 | bankruptcy court in Texas as to Strike, LLC | | | | |

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS Damone N. Eddy, in his capacity as the Administrator and Personal Representative of Stephanie N. Eddy; and Allison M. Lippert, and Nationwide Affinity Ins. Co. of America a/s/o Deborah and Francis Lippert | DEFENDANTS<br>Strike, LLC; Micah A. McClain; Addey L. Bennett; and Ken Beck |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>SEE ATTACHMENT | ATTORNEYS (If Known)<br><br>SEE ATTACHMENT |

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☒ Creditors
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☒ Debtor**
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other **McClain, Bennett, Beck are not debtors in the bankruptcy proceedings

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>STRIKE, LLC | BANKRUPTCY CASE NO. | 21-90054 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF TEXAS | DIVISION OFFICE<br>HOUSTON | NAME OF JUDGE<br>HON. DAVID R. JONES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>MARCH 7, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JEFFREY D. VAN VOLKENBURG<br>*Counsel for Defendant, Strike, LLC* | |

## INSTRUCTIONS

       The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

       A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

       The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**ATTACHMENT TO ADVERSARY PROCEEDING COVER SHEET**

Samuel D. Madia, Esquire
Joseph F. Shaffer, Esquire
Jonathan Wesley Prince, Esquire
**SHAFFER MADIA LAW PLLC**
1056A Maple Drive
Morgantown, WV 26505
Tel: (304) 622-1100
*Counsel for Plaintiff, Damone N. Eddy, in his*
*capacity as the Administrator and Personal*
*Representative of the Estate of Stephanie N. Eddy*

Teresa J. Dumire, Esquire
Matthew D. Elshiaty, Esquire
Shannon P. Smith, Esquire
**KAY CASTO & CHANEY, PLLC**
150 Clay Street, Suite 100
Morgantown, WV 26501
Tel: (304) 225-0970
*Co-Counsel for Cross-Claim Plaintiff,*
*Nicholas F. Ali*

Paul R. Cranston, Esquire
**CRANSTON & EDWARDS PLLC**
1200 Dorsey Avenue, Suite II
Morgantown, WV 26501
Tel: (304) 296-3500
*Counsel for Plaintiff,*
*Allison M. Lippert*

Eric M. Hayhurst, Esquire
**HAYHURST LAW PLLC**
34 Commerce Drive, Suite 203
Morgantown, WV 26504
Tel: 212-7099
*Co-Counsel for Cross-Claim Plaintiff,*
*Nicholas F. Ali*

Jeffrey D. Van Volkenburg, Esquire
Debra Tedeschi Varner, Esquire
**VARNER & VAN VOLKENBURG, PLLC**
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840
*Counsel for Defendants, Strike, LLC and Ken*
*Beck; Co-Counsel for Defendant, Addey L. Bennett*

J. Michael Benninger, Esquire
**BENNINGER LAW PLLC**
P. O. Box 623
Morgantown, WV 26507
Tel: (304) 241-1856
*Counsel for Defendant,*
*Micah A. McClain*

Mark E. Gaydos, Esquire
**GAYDOS & TURNER PLLC**
P. O. Box 585
Kingwood, WV 26537
Tel: (304) 329-0773
*Co-Counsel for Defendant,*
*Addey L. Bennett*

Teresa D. Daniel, Esquire
**LAW OFFICE OF ASAD U. KHAN**
Nationwide Trial Division
300 Summers Street, Suite 1460
Charleston, WV 25301
Tel: (304) 346-2272
*Counsel for Intervenor, Nationwide*
*Affinity Insurance Company of America*
*a/s/o Deborah and Francis Lippert*

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

DAMONE N. EDDY, in his capacity
as the Administrator and
Personal Representative of the
Estate of STEPHANIE N. EDDY; and
ALLISON M. LIPPERT, and NATIONWIDE
AFFINITY INSURANCE COMPANY OF AMERICA
a/s/o Deborah and Francis Lippert,

        Plaintiffs,

NICHOLAS F. ALI,

        Cross-Claim Plaintiff,

v.                                     Civil Action No. 20-C-50
                                     Honorable Phillip D. Gaujot

STRIKE, LLC;
MICAH A. MCCLAIN;
ADDEY L. BENNETT;
and KEN BECK;

        Defendants.

## **NOTICE TO CLERK OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on March 7, 2022, the Defendant, Strike, LLC ("Strike"),

by its undersigned counsel, removed the above captioned action case from the Circuit Court of

Monongalia County, West Virginia, to the United States Bankruptcy Court for the Northern

District of West Virginia.   A true and correct copy of the Notice of Removal (without exhibits) is

attached hereto as Exhibit 1.

Dated the 7th day of March, 2022.      **Defendant, STRIKE, LLC, By Counsel:**

Jeffrey D. Van Volkenburg (WV State Bar #10227)
Debra Tedeschi Varner (WV State Bar #6501)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 566-1161

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

DAMONE N. EDDY, in his capacity
as the Administrator and
Personal Representative of the
Estate of STEPHANIE N. EDDY; and
ALLISON M. LIPPERT, and NATIONWIDE
AFFINITY INSURANCE COMPANY OF AMERICA
a/s/o Deborah and Francis Lippert,

        Plaintiffs,

NICHOLAS F. ALI,

        Cross-Claim Plaintiff,

v.                                  Civil Action No. 20-C-50

STRIKE, LLC;
MICAH A. MCCLAIN;
ADDEY L. BENNETT;
and KEN BECK;[1]

        Defendants.

## **NOTICE OF REMOVAL TO BANKRUPTCY COURT**

1.      On or about February 22, 2020, Plaintiffs Damone N. Eddy ("Plaintiff Eddy"), in his capacity as the Administrator and Personal Representative of the Estate of Stephanie N. Eddy, and Allison M. Lippert ("Plaintiff Lippert"), filed the instant civil action in the Circuit Court of Monongalia County, West Virginia against bankruptcy debtor Strike, LLC ("Strike" or "Debtor"), and Micah A. McClain ("McClain"), Addey L. Bennett ("Bennett"), Ken Beck ("Beck"), Anderson Excavating, LLC ("Anderson") and Nicholas F. Ali ("Ali").[2]

---

[1] The current case caption utilized by the parties is noted above. Strike, LLC attaches the Second Amended Complaint in this matter, which reflects the case caption prior to the settlement of Plaintiffs' claims against former defendants Anderson Excavating, LLC and Nicholas Ali. See, *Exhibit A*. This pleading is still the applicable pleading for purposes of the pending claims in this civil action, with the exception that the claims by Plaintiffs (Eddy, Lippert) have been dismissed as to Anderson Excavating, LLC and Nicholas Ali.

[2] McClain, Bennett, Beck, Anderson and Ali were not debtors in the bankruptcy proceedings, discussed *infra*.

1

2      This lawsuit stems from a fatal vehicle crash that occurred in Monongalia County, West Virginia.    Specifically, a collision occurred on Route 7 involving a tractor/low-boy combination that was transporting a D6 Caterpillar Dozer and a dump truck transporting thousands of pounds of hot asphalt.    The tractor/low-boy combination was operated by Strike, LLC's employee, McClain.    The tractor/low-boy combination was traveling in the eastbound lane.    The dump truck was operated by Anderson employee, Ali.    The dump truck was traveling in the westbound lane.    Bennett was also employed by Strike.    She was operating a pilot car, driving some distance in front of the Strike tractor-lowboy combination at the time of the contact between the dozer blade being hauled by McClain and the dump truck operated by Ali.[3]

3.      At the time of the collision, Ali lost control of the Anderson dump truck, side swiped the automobile being operated by Lippert, which was traveling directly behind the Strike tractor-lowboy combination. The Anderson dump truck, operated by Ali, then overturned and landed on top of the automobile being driven by Stephanie N. Eddy.  The vehicle operated by Stephanie N. Eddy was traveling directly behind the vehicle operated by Lippert.

4.      As a result of the incident, Stephanie N. Eddy suffered injuries and passed away shortly after the accident.  Lippert has claimed personal injuries and mental anguish arising from the accident.

5.      Upon filing of the civil action, Ali, the driver of the dump truck that landed on the Eddy vehicle, filed a cross-claim for personal injuries against Strike, Bennett and McClain. Additionally, following the filing of this civil action, Nationwide Affinity Insurance Company of America ("Nationwide") intervened in this civil action asserting a right of subrogation for the

---

[3] Beck was a supervisor for Strike.  He was not present at the time of the collision between the Strike and Anderson vehicles.

damage to the automobile being operated by Lippert at the time of the incident leading to this civil action.

6.     Anderson and Ali have settled the claims asserted against them by Plaintiffs Eddy, Lippert and Intervenor-Plaintiff Nationwide. Ali continues to prosecute his cross-claim for damages against Strike, McClain and Bennett, and the cross-claim remains active at the time of this removal. Nationwide's claim against bankruptcy-debtor Strike also remains active at the time of this removal.

7.     On or about December 6, 2021, Strike, LLC ("Debtor") under the following case numbers, filed Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Southern District of Texas ("S.D. Tex. Bankruptcy Court").[4]

    a.     Strike, LLC – Case No. 21-90054

    b.     Strike HoldCo., LLC – Case No. 21-90058

    c.     Delta Directional Drilling, LLC – Case No. 21-90057

    d.     Strike Global Holdings, LLC – Case No. 21-90059

    e.     Capstone Infrastructure Services, LLC – Case No. 21-90055

    f.     Crossfire, LLC – Case No. 21-90056

8.     Upon filing of its Bankruptcy Petition in the Bankruptcy Court for the Southern District of Texas, a Notice of Stay was filed in the Circuit Court of Monongalia County, West Virginia. The stay has remained in effect since December 6, 2021, however, on Friday, March 4,

---

[4] In its Bankruptcy Petition, Strike noted the following names that it has utilized during the past eight years: Bolt, Bolt Instrumentation and Electrical; Capstone; Capstone Energy Services, LLC; Capstone, LLC; Capstone Infrastructure Services, LLC; Capstone Construction, LLC; Pickett Measurement Services, LLC; Picket Systems; Strike I&E; Strike Industrial; Strike Oilfield; Strike Testing; Strike, LLC;  Strike U.S.A.; Circle K of Arkansas, Inc.; RAS Americas, LLC; Bolt Companies; Bolt Companies, LLC; Bolt Site & Civil; Bolt Testing Services; Edge Hydrotesting; Edge Hydrotesting, LLC; Edge Testing; Edge Testing, LLC.  A copy of Strike, LLC's Bankruptcy Petition is attached hereto as *Exhibit B*.

2022, the Bankruptcy Court for the Federal District Court for the Southern District of Texas entered a stipulation permitting the stay to be lifted as to Plaintiffs Eddy, Lippert and Cross-Claim Plaintiff Ali.  The stipulation does not lift the stay as to Nationwide's claims against Strike and its employees.

9.      Title 11 of the United States Bankruptcy Code, also known as the United States Bankruptcy Code, is the source of bankruptcy law of the United States and governs bankruptcy proceedings.  Claims or proceedings that "arise under" Chapter 11 (have no existence outside of bankruptcy) or "arise in" Title 11 (invoke substantive rights created by bankruptcy law) are considered "core" proceedings.  See, *Sheetz v. Caliber Home Loans, Inc.*, 2016 WL 183559, at *2 (N.D. W. Va. 2016). Proceedings that are related to a case under Title 11 (have an effect on the bankruptcy estate) are non-core proceedings.  A sample list of core proceedings is provided in 28 U.S.C. § 157(b)(2) (the "Core Proceedings"). See, 28 U.S.C. § 157(b)(2) attached as *Exhibit C*. Debtor-Strike concedes that non-core proceedings, however, this Court may find the issues involve core proceedings.

10.     The Amended Standing Order of Reference, dated April 2, 2013 (Misc. No. 5:13-MC-12) of the United States District Court for the Northern District of West Virginia and all other applicable authority require any state or federal litigation pending in the Northern District of West Virginia which has become subject to core or non-core proceedings must be referred in its entirety to the United States Bankruptcy Court for the Northern District of West Virginia.  See *Amended Standing Order*, attached as *Exhibit D*.

11.     The claims of Plaintiffs Eddy, Lippert and Nationwide in this civil action against Debtor-Strike, LLC, as well as the claim of Cross-Claim Plaintiff Ali must be administered by a

Federal District Court, and related Bankruptcy Court, having jurisdiction of these matters and issues, pursuant to 28 U.S.C. § 157.

12.    Pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 1334, Federal Rule of Bankruptcy Procedure 9027 and the Order entered by the Federal District Court for the Northern District of West Virginia in, *In re Removal Actions from State Court*, dated July 28, 1988, and other applicable authority, any removed state court action shall be removed directly to the Bankruptcy Court for the Federal District Court for the Northern District of West Virginia.  See, Order in *In re Removal Actions from State Court*, dated July 28, 1988, attached hereto as *Exhibit E.*

13.    The time has not elapsed within which Strike is permitted to file this Notice of Removal.

14.    A certified copy of the docket sheet for the underlying civil action is included herewith as *Exhibit F*.  A copy of all process and pleadings will be produced to the Court.   The applicable version of the Complaint is attached hereto as *Exhibit A*.

15.    A copy of the complete file from the underlying civil action before the Circuit Court of Monongalia County, West Virginia, is being requested from the Circuit Clerk of Monongalia County, West Virginia, and will be produced by the Circuit Clerk's Office, pursuant to 28 U.S.C. § 1446(a).

16.    Counsel for Mr. McClain, Ms. Bennett and Mr. Beck have authorized the filing and consented to this removal, to the extent applicable.

17.    Because this matter involves claims involving personal injury and/or wrongful death, Debtor-Strike cannot consent to entry of a final order in this Bankruptcy Court involving all claims in this case as trial would be required to be held before a Federal District Court having jurisdiction or the Federal District Court where the claim arose, which is the Federal District Court

for the Northern District of West Virginia.  See, 28 U.S.C. § 157(b)(5). Consequently, any "final"

order following trial would be entered by the Federal District Court for the Northern District of

West Virginia.

18.    This case is now removed to the Bankruptcy Court for the Federal District Court

for the Northern District of West Virginia.

Respectfully submitted the 7th day of March, 2022.

**Defendant, STRIKE, LLC, By Counsel:**

Jeffrey D. Van Volkenburg (WV State Bar #10227)
Debra Tedeschi Varner (WV State Bar #6501)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 566-1161

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

DAMONE N. EDDY, in his capacity
as the Administrator and
Personal Representative of the
Estate of STEPHANIE N. EDDY; and
ALLISON M. LIPPERT, and NATIONWIDE
AFFINITY INSURANCE COMPANY OF AMERICA
a/s/o Deborah and Francis Lippert,

       Plaintiffs,

NICHOLAS F. ALI,

       Cross-Claim Plaintiff,

v.                                       Civil Action No. 20-C-50
                                       Honorable Phillip D. Gaujot

STRIKE, LLC;
MICAH A. MCCLAIN;
ADDEY L. BENNETT;
and KEN BECK;

       Defendants.

# <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on the 7th day of March, 2022, the undersigned counsel served the foregoing "***NOTICE TO CLERK OF FILING NOTICE OF REMOVAL***" upon counsel of record via electronic mail pursuant to agreement of the parties as specified in the "*Stipulation Regarding Additional Form of Service*" executed by all counsel of record, and/or via facsimile and/or by depositing true copies in the United States Mail, postage prepaid, in envelopes addressed as follows:

Samuel D. Madia, Esquire
Joseph F. Shaffer, Esquire
Jonathan Wesley Prince, Esquire
**SHAFFER MADIA LAW PLLC**
1056A Maple Drive
Morgantown, WV 26505
sam@shaffermadialaw.com
wes@shaffermadialaw.com
laura@shaffermadialaw.com
***Fax (304) 599-5859***
*Counsel for Plaintiff, Damone N. Eddy, in his capacity as the Administrator and Personal Representative of the Estate of Stephanie N. Eddy*

Teresa J. Dumire, Esquire
Matthew D. Elshiaty, Esquire
Shannon P. Smith, Esquire
**KAY CASTO & CHANEY, PLLC**
150 Clay Street, Suite 100
Morgantown, WV 26501
tdumire@kaycasto.com
melshiaty@kaycasto.com
ssmith@kaycasto.com
bnestor@kaycasto.com
spistilli@kaycasto.com
***Fax (304) 225-0974***
*Co-Counsel for Cross-Claim Plaintiff, Nicholas F. Ali*

2

Paul R. Cranston, Esquire
**CRANSTON & EDWARDS PLLC**
1200 Dorsey Avenue, Suite II
Morgantown, WV 26501
pcranston@cranstonedwards.com
aburton@cranstonedwards.com
*Fax (304) 296-3600*
*Counsel for Plaintiff, Allison M. Lippert*

Mark E. Gaydos, Esquire
**GAYDOS & TURNER PLLC**
P. O. Box 585
Kingwood, WV 26537
mgaydos@gaydosandturner.com
*Fax (304) 329-0595*
*Co-Counsel for*
*Defendant, Addey L. Bennett*

Eric M. Hayhurst, Esquire
**HAYHURST LAW PLLC**
34 Commerce Drive, Suite 203
Morgantown, WV 26504
eric@hayhurstlaw.com
alice@hayhurstlaw.com
*Fax (304) 212-7108*
*Counsel for Cross-Claim Plaintiff,*
*Nicholas F. Ali*

J. Michael Benninger, Esquire
**BENNINGER LAW PLLC**
P. O. Box 623
Morgantown, WV 26507
mike@benningerlaw.com
helen@benningerlaw.com
*Fax (304) 241-1857*
*Counsel for Defendant, Micah A. McClain*

Teresa D. Daniel, Esquire
**LAW OFFICE OF ASAD U. KHAN**
Nationwide Trial Division
300 Summers Street, Suite 1460
Charleston, WV 25301
Daniet15@nationwide.com
harvea3@nationwide.com
schrim1@nationwide.com
*Fax (855) 857-9800*
*Counsel for Intervenor, Nationwide Affinity*
*Insurance Company of America a/s/o*
*Deborah and Francis Lippert*

3

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS Damone N. Eddy, in his capacity as the Administrator and Personal Representative of Stephanie N. Eddy; and Allison M. Lippert, and Nationwide Affinity Ins. Co. of America a/s/o Deborah and Francis Lippert | DEFENDANTS<br>Strike, LLC; Micah A. McClain; Addey L. Bennett; and Ken Beck |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>SEE ATTACHMENT | ATTORNEYS (If Known)<br><br>SEE ATTACHMENT |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditors       ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor**       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other **McClain, Bennett, Beck are not debtors<br>☐ Trustee                      in the bankruptcy proceedings |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Wrongful death and personal injury.        28 U.S.C. § 1452, 28 U.S.C. § 1334, 28 U.S.C. § 157,
28 U.S.C. § 157(b)(2), 28 U.S.C. § 157(b)(5), 28 U.S.C. § 1446(a)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
        actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court
        if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>STRIKE, LLC | BANKRUPTCY CASE NO. | 21-90054 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF TEXAS | DIVISION OFFICE<br>HOUSTON | NAME OF JUDGE<br>HON. DAVID R. JONES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>MARCH 7, 2022 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JEFFREY D. VAN VOLKENBURG<br>*Counsel for Defendant, Strike, LLC* |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.